Defendant appeals from the denial of a motion to set aside a default judgment on the grounds that the defendant was not personally served with a copy of original process.
Plaintiffs filed suit against defendant in the circuit court of Etowah County for damages due to negligence arising out of an automobile accident. The return of process by a deputy sheriff of Jefferson County, Alabama, stated a copy of the summons and complaint was left with defendant, Clyde Lamar Wright. Defendant failed to appear in court on the day of the hearing, and a default judgment was entered against him. After a garnishment notice was served on defendant, he and his insurance carrier (All-state Insurance Company) moved to set aside the default judgment for failure of service of process.
At the hearing on the motion, defendant's wife testified the deputy sheriff had served her and not her husband. She later informed her husband of the service a week after sending the papers to their insurance company. She also testified as to an alleged meritorious defense to the complaint. Defendant stated he was not served by the sheriff and never saw the summons and complaint. He also stated he had never given his wife authority to accept service. The court, after hearing the evidence, denied defendant's motion. The court did not find that defendant had been personally served. The judgment on the motion found that defendant had received actual notice of the lawsuit. It is from the denial of that motion that defendant appeals.
Rules 4 (c)(1) and 4.1 (b)(3), A.R.Civ.P. require the person serving process to locate the individual to be served and deliver a copy of the process and accompanying documents to that individual. Strict compliance with the Rules of Civil Procedure regarding service of process is required. Ex parteShuttleworth, 410 So.2d 896 (Ala. 1982); O'Donohue v. CitizensBank, 350 So.2d 1049 (Ala.Civ.App. 1977). The sheriff's return is prima facie evidence of the fact of personal service of process. The party challenging it carries the burden of establishing lack of service by clear and convincing proof. AAASewing Machine Co. v. Shelby Finance Co., 384 So.2d 126
(Ala.Civ.App. 1980). The evidence is undisputed that defendant's wife, rather than defendant, was served with process. The testimony of the wife in this case provides the necessary corroborative evidence to the defendant's denial of service to overcome the presumption furnished by the return. There was no testimony by the returning officer. The issue in such case is not one of actual notice and due process, but is one of personal jurisdiction of the defendant. Sams v.Equitable Life Assur., etc., 402 So.2d 999 (Ala.Civ.App. 1981). Failure of personal service of original process upon a defendant renders a judgment by default void. In such case a showing of a meritorious defense is not required. Raine v.First Western Bank, 362 So.2d 846 (Ala. 1978); AAA SewingMachine Co. v. Shelby Finance Co., supra. *Page 92 
Plaintiff urges this court to distinguish the case before us from Shuttleworth, supra, on the grounds that in Shuttleworth, service was by certified mail, whereas here service was by sheriff's return. We discern no meaningful distinction.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.