This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties and awarded the wife realty and personalty pursuant to an antenuptial agreement.
The husband, through able counsel, appeals.
The husband contends that proper service was never made on him. Further, the husband contends that the trial court erred in concluding that the antenuptial agreement was valid and enforceable.
The dispositive issue on appeal is whether the trial court erred in holding that the husband had been properly served. We find that the trial court erred in its determination and reverse.
The evidence reveals that the wife sent by certified mail a copy of the summons and complaint to Wharf's Marina in Grand Haven, Michigan. At that time the husband was living on his boat at the marina. Without the husband's knowledge or acquiescence, a secretary at the marina signed for the certified mail. The husband was later informed by his Montgomery lawyer that the wife had sued him for divorce.
Rule 4(c)(1), Alabama Rules of Civil Procedure, provides upon whom process may be served: "(1) Individual. Upon an individual, other than an infant or an incompetent person, by serving the individual."
In Wright v. Rogers, 435 So.2d 90 (Ala.Civ.App. 1983), this court held that service upon defendant's wife, rather than upon defendant, rendered a judgment by default against defendant void. In Wright, the defendant did not appear at all.
In the instant case the husband first appeared specially through his motion to quash. This appearance did not waive the husband's objection for lack of personal jurisdiction. Likewise, the husband, by answering after the motion to quash was denied, did not waive his objection for lack of personal jurisdiction. As is noted in the Committee Comments to Rule 12, A.R.Civ.P., "under present Alabama practice, a party can claim on appeal error in overruling his jurisdictional objections even though he went ahead and contested on the merits after those objections were overruled." Thus, the trial court erred in denying the motion to quash due to the fact that the husband was never properly served. Ex parte Ack Radio Supply Co.,283 Ala. 630, 219 So.2d 880 (1969).
The dispositive issue here being lack of proper personal service on the husband, any other issues presented need not be considered. We do note, however, that although a trial court has wide discretion in property settlement matters pursuant to a divorce, substantial case law directs a trial court to look to factors such as the length of the marriage; contribution to the marriage; the age and health of the parties; the education, earning ability, and future prospects of the parties; and whether separate premarital property has been used for the benefit of the marriage.
While we are not constrained to decide issues presented on an appeal other than a dispositive issue, we nevertheless feel it necessary to comment that we could have some difficulty with enforcing a Michigan antenuptial agreement in an Alabama divorce proceeding when the agreement was drawn for interpretation under Michigan law with the agreement's primary purpose appearing to provide for distribution of the parties' assets at death.
The wife has requested an attorney's fee for representation on appeal. That request is denied. *Page 614 
This case is due to be reversed and remanded with instructions to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.