Theresa Aaron (wife) filed a divorce action against Randall Aaron (husband) in the Circuit Court of Walker County. The husband *Page 1151 
did not appear in court on the day of the hearing, and a default judgment was entered against him. The husband filed a motion to set aside the judgment for failure of service of process. Following an ore tenus proceeding the trial court found that the husband had been properly served. The husband appeals.
Rules 4(c)(1) and 4.1(b)(3), Ala. Rules of Civil Procedure, require the person serving process to locate the "individual" to be served and deliver a copy of the process to that "individual." Strict compliance regarding service of process is required. Wright v. Rogers, 435 So.2d 90 (Ala.Civ.App. 1983). The return of the sheriff is prima facie evidence of service of process. Rule 4.1(b)(3). The party challenging the service carries the burden of establishing lack of service by clear and convincing evidence. Wright.
The return of process by the deputy sheriff showed that a copy of the summons and complaint was served on the husband. The deputy sheriff did not testify at the hearing on the motion. Sheila Jackson, the secretary for the company where the husband was working as a subcontractor, testified that the deputy sheriff served her with the summons and complaint and asked her to relay them to the husband. The husband testified that he was not served by the deputy sheriff but that he did receive the summons and complaint from Sheila Jackson. He testified that he had never given Sheila Jackson the authority to accept service. After hearing the evidence the trial court determined that the husband had been properly served and that he had actual notice of the lawsuit.
The issue here is not one of due process or actual notice, but is one of personal jurisdiction of the husband. The evidence is undisputed that Sheila Jackson, rather than the husband, was served with process. Failure of personal service of original process on the husband in this instance renders the judgment by default void. Bunbury v. Bunbury, 553 So.2d 612
(Ala.Civ.App. 1989); Wright.
In view of the above, we pretermit a discussion of the husband's allegation concerning the inequities involved in the underlying judgment of divorce. This case is reversed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.