This appeal involves an unlawful detainer action in which the trial court issued a judgment in favor of Collateral Agency, Inc., and against Deborah Gaudin, for possession of property, for costs, and for damages in the amount of $2,827.12. Gaudin appeals, contending that she was never personally served pursuant to Rules 4 and 4.1, Alabama Rules of Civil Procedure, and, therefore, that the trial court lacked jurisdiction to award a judgment for monetary damages against her. We agree and reverse and remand.
We note that a judgment is void if the court rendering it lacked jurisdiction over the parties or the subject matter.McNutt v. Beaty, 370 So.2d 998 (Ala. 1979). In the present case the parties stipulated that Gaudin raised the affirmative defense of lack of personal jurisdiction in the district court, where the action was filed and from which Gaudin appealed to the trial court.
The trial court stated in its order that there was no personal service on Gaudin, but that Gaudin received the complaint. This court has held that even if defendant had actual notice of an action, this does not confer personal jurisdiction without compliance with Rule 4. Aaron v. Aaron,571 So.2d 1150 (Ala.Civ.App. 1990). The trial court further stated that continuing the case to require the perfection of personal service on Gaudin "seem[s] to this court to be an abuse of principles of logic and judicial economy."
Rule 4.1(a) provides as follows:
 "All service of process within this state shall be made as provided in this rule except when service by publication is available *Page 633 
pursuant to Rule 4.3. Service within this state under this rule shall include delivery by a process server and service by certified mail; and each of the foregoing methods of service shall be deemed to confer in personam jurisdiction."
We recognize that in unlawful detainer actions, after a complaint is filed, notice may be served on a defendant, who the sheriff or constable cannot personally serve. A copy of the notice can be delivered to any person residing on the premises or by posting a copy of the notice on the door of the premises and by mailing the notice by first class mail to the defendant. § 6-6-332, Ala. Code 1975. The parties stipulated that copies of the complaint were posted on the premises and that a copy also was mailed to Gaudin by first class mail. Clearly, service was proper pursuant to § 6-6-332; however, service on Gaudin was not by process server or by certified mail as required by Rule 4.1(a).
Collateral argues that § 6-6-331 provides the district court with jurisdiction over unlawful detainer actions and that, because Gaudin appeared to contest the action for possession, she had submitted to the jurisdiction of the court on the damages issue. We disagree. Rule 12(b), A.R.Civ.P., provides that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. . . . Thus, a defense of lack of jurisdiction over the person may be made in a motion or answer raising other defenses that formerly would have constituted a general appearance." Creel v. Gator Leasing, Inc.,544 So.2d 936, 938 (Ala. 1989). Furthermore, on appeal, a party can claim error by the trial court in overruling jurisdictional objections, even though he contested the merits after properly raised objections were overruled. Vilter Mfg. Co. v. Rolaff,110 F.2d 491 (8th Cir. 1940). Although Rule 12(dc) eliminates the provision for the assertion of certain defenses by motion in the district court, the defenses usually asserted under a Rule 12(b) motion can be made by answer. Rule 12(dc), District Court Committee Comments. Therefore, we hold that Gaudin did not submit to the jurisdiction of the court on the damages issue. The judgment as to damages is due to be reversed and the cause is remanded for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.