CRAWLEY, Judge.
Oh May 3, 2000, James Ervin Bigam (the “husband”) sued Barbara Jean Bigam (the “wife”) for a divorce. On June 26, 2000, the husband moved for a default judgment against the wife because she had failed to answer the complaint. On July 17, 2000, the trial court entered a default judgment. On August 16, 2000, the wife filed a motion to set aside the default judgment, alleging that she had not been served with the complaint. The trial court denied the wife’s motion to set aside the default judgment. The wife appeals, arguing that the service of process in this ease was improper.
Rule 4(c), Ala.R.Civ.P., states, in part:
“(c) Upon Whom Process Served. Service of process, except by publication as provided in Rule 4.3, shall be made as follows:
“(1) Individual. Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual’s dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.... ”
The complaint in this case was mailed to Carolyn Y. Chang, an attorney in New Jersey, who had represented the wife in a divorce action filed in New Jersey by the husband. That divorce action was eventually dismissed for lack of subject-matter jurisdiction. At the time the complaint in this divorce action was served on Chang, the New Jersey action was still pending, and Chang was representing the wife in the New Jersey action. Chang withdrew as the wife’s attorney when the New Jersey action was dismissed.
The wife argues that Chang was not “an agent authorized by appointment or by law to receive service of process” on her behalf in the Alabama divorce action. We agree. The record contains no evidence that Chang was the wife’s agent authorized to receive service of process. See Colvin v. Colvin, 628 So.2d 802 (Ala.Civ.App.1993). Therefore, service was not proper pursuant to Rule 4(c)(1).
The only other available method of serving the wife by serving her attorney is pursuant to Rule 4(h), Ala.R.Civ.P. Rule 4(h) states:
“A defendant or the defendant’s attorney may accept or waive service of process, provided that said acceptance or waiver is in writing and signed by the defendant and a credible witness.”
The record contains no acceptance or waiver executed by Chang or by the wife in conformity with Rule 4(h); therefore, we conclude that Rule 4(h) has no application in this case.
Because the service of process in this case did not comply with Rule 4(c)(1), Ala.R.Civ.P., we conclude that the trial court erred by denying the wife’s motion *1218 to set aside the default judgment. Alabama law requires strict compliance with the rules governing service of process. Aaron v. Aaron, 571 So.2d 1150 (Ala.Civ.App.1990). Therefore, we reverse the trial court’s judgment and remand the cause with instructions for the trial court to set aside the default judgment and to address the merits of the divorce action.
The husband’s motion to dismiss the appeal is denied. The husband’s request for damages, pursuant to Rule 38, Ala. R.App.P., is also denied. The parties’ requests for an attorney fee on appeal are denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.