984 So.2d 1100 (2007)
Ex parte Kathy SAWYER and James R. Finch
Ex parte Sonya Stevens
(In re Laura Percer
v.
Kathy Sawyer et al.).
1051249 and 1051304.
Supreme Court of Alabama.
October 26, 2007.
*1103 Robert R. Baugh, Christopher A. Bottcher, and Christopher S. Berdy of Sirote & Permutt, P.C., Birmingham; and Courtney Tarver, deputy atty. gen. and gen. counsel, Alabama Department of Mental Health and Mental Retardation, for petitioners.
Thomas E. James, Kenneth J. Mendelsohn, and Ellenann B. Yelverton of Jemison, Mendelsohn & James, P.C., Montgomery, for respondent.
PARKER, Justice.
The petitioners, Kathy Sawyer, James R. Finch, and Sonya Stevens, present this case as one concerning a State-agent-immunity issue. We note first that for many years this Court has sought to ensure the availability of State-agent immunity to those entitled to protection from tort claims resulting from discretionary acts as agents of the State. In recent years we have clarified the requirements for State-agent immunity, and we have opened the doors of this Court for the expedited review of any denial of a motion to dismiss when that motion was predicated on an assertion of State-agent immunity. An expedited review can be had by an interlocutory appeal or a petition for a writ of mandamus, and many defendants have availed themselves of such a review.
This case, however, is not a State-agent-immunity case. It requires us to review the denial of an untimely motion for a summary judgment and to evaluate whether a petitioner has shown good cause for this Court to review an otherwise untimely petition for a writ of mandamus. The facts of the case, however, strongly suggest a need for guidance to both the bench and the bar regarding the requirements for soliciting the protection of State-agent immunity and for a review of a denial of a motion asserting such immunity.
Two petitions are before this Court, each seeking a writ of mandamus directing the Morgan Circuit Court to vacate certain orders and to issue judgments in favor of the petitioners, the defendants in a wrongful-death action. One of the petitions was filed by Kathy Sawyer, commissioner of the State Department of Mental Health and Mental Retardation at the time the cause of action arose, and James R. Finch, then director of the Lurleen B. Wallace Developmental Center in Decatur ("the Wallace Center"), the place where the cause of action arose. The other petition is filed by Sonya Stevens, an employee at the Wallace Center at the time the cause of action arose, whose name was substituted for fictitiously named defendants three years after the original wrongful-death action was filed. Because the petitions arise from the same basic set of facts and are inextricably intertwined, we have consolidated the two petitions for the purpose of writing one opinion.
*1104 The Sawyer and Finch petition seeks a writ directing the trial court to grant Sawyer and Finch's summary-judgment motion, which was grounded on State-agent immunity, even though the motion was not timely filed. Stevens requests relief in the form of an order directing the trial court (1) to vacate its March 20, 2006, order denying her motion to dismiss, (2) to vacate its June 8, 2006, order denying her motion for leave to file a motion for a summary judgment, and (3) to enter an order granting her May 25, 2006, summary-judgment motion on the ground that the claims against her are time-barred. For the reasons presented, we deny Sawyer and Finch's petition and grant Stevens's petition.

I. Factual and Procedural Posture
The petitions are the latest filings in litigation that began on May 18, 2001, when Laura Percer filed a wrongful-death action in the Montgomery Circuit Court. The decedent was her sister, Cynthia Shirley, a resident at the Wallace Center. Shirley died on August 16, 2000, eight days after being hospitalized for head injuries sustained on August 8, 2000, when she fell and hit her head on the floor while Stevens was "redirecting" her. Percer named as defendants in the wrongful-death action the State Department of Mental Health and Mental Retardation ("the Department"), Sawyer, Finch, and several fictitiously named defendants who, she asserted, had had various responsibilities for and toward Shirley. The complaint included nine counts, eight of which demanded judgment in the amount of $5 million each. The ninth count requested that the court require the Department and all future commissioners of the Department to ensure that the residents of the Wallace Center are safe and that its employees are properly trained, supervised, and required to follow established policies and procedures.
Percer amended her complaint on November 15, 2001, to clarify that Finch was being sued in his individual capacity only. On March 17, 2003, the trial court, in accord with a writ of mandamus issued by this Court,[1] dismissed all claims against the Department and all claims against Sawyer in her official capacity; the claims against her in her personal capacity remained pending. The trial court also dismissed all claims for injunctive relief because Percer lacked standing to bring such claims.
The defendants moved the Montgomery Circuit Court to transfer the case to the Morgan Circuit Court for the convenience of the parties and witnesses; the Montgomery Circuit Court denied the motion, and the defendants then petitioned this Court for a writ of mandamus. On May 7, 2004, this Court issued the writ of mandamus and ordered the Montgomery Circuit Court to grant the defendants' motion for a change of venue. Ex parte Sawyer, 892 So.2d 919 (Ala.2004). The Morgan Circuit Court set the case for trial on February 13, 2006.
On September 27, 2005, shortly after deposing Stevens, Percer filed a motion to amend the complaint, seeking to add Stevens as a defendant and substituting her for certain of the fictitiously named defendants. Sawyer and Finch opposed the motion.
On or about January 12, 2006, Sawyer and Finch filed a motion to continue the February 13, 2006, trial and to modify the *1105 then current scheduling order. The motion stated the following reasons for seeking a continuance: a scheduling conflict with another case involving Sawyer; a need by all parties for additional discovery; and time conflicts of the defendants' attorneys. They also stated in their motion that they were entitled to State-agent immunity under Ex parte Cranman, 792 So.2d 392 (Ala.2000), and that such immunity is effectively lost if a case is erroneously permitted to go to trial, but they did not invoke the protection of State-agent immunity at that time. Instead, they expressed an intent to file a summary-judgment motion asserting State-agent immunity and requesting the court to enter a summary judgment on that basis. The motion to continue stated that Sawyer and Finch had refrained from filing a summary-judgment motion based on State-agent immunity while the court's ruling on Percer's motion adding Stevens as a defendant was pending, but it offered no explanation of the reason for refraining.
The court held a hearing on the motion to continue and continued the trial to June 19, 2006. The continuance order, dated January 17, 2006, also included a scheduling order that was obviously intended to bring the matter to trial by June 19; the order suggested that the deadlines in the order were to be modified by the parties at their peril. The first deadline was a February 7, 2006, deadline for filing summary-judgment motions.
The court granted Percer's motion for leave to amend on January 18, 2006, and Percer filed an amended complaint adding Stevens as a named defendant on January 24, 2006. Percer served Stevens with a copy of the summons, complaint, and amended complaint on February 11, 2006. On March 1, 2006, Stevens petitioned this Court for a writ of mandamus ordering the trial court to vacate its January 18, 2006, order joining her as a defendant. On March 14, 2006, the defendants filed a motion to stay the proceedings in the trial court pending this Court's ruling on Stevens's petition; the trial court denied that motion on March 20, 2006. This Court denied Stevens's petition on May 3, 2006, without an opinion, but with an order stating that Stevens had not shown that she had a clear legal right to the relief she sought. Ex parte Stevens (No. 1050688, May 3, 2006).
On April 25, 2006, Sawyer and Finch filed a motion for a protective order, seeking to prevent Percer from taking their depositions until the trial court ruled on their State-agent-immunity claim, which they had not yet asserted in any filing. On May 3, 2006, Sawyer and Finch filed a motion for a summary judgment, asserting their State-agent-immunity claim. The trial court denied the motion for a protective order and the motion for a summary judgment two days later, holding that the summary-judgment motion, filed after the February 7, 2006, deadline it had set in its scheduling order, was untimely. On May 17, 2006, Sawyer, Finch, and Stevens filed a motion to reconsider and a motion to modify the scheduling order, which the trial court denied two days later. Percer filed on May 17, 2006, a motion for sanctions and sought an order requiring Sawyer and Finch to sit for depositions. The trial court denied that motion on May 24, 2006. The petitioners then filed in this Court emergency motions to stay, and the circuit court proceedings were stayed on June 16, 2006. The petitioners then filed the instant petitions.

II. Standard of Review
"`"While the general rule is that denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion for *1106 summary judgment grounded on a claim of immunity is reviewable by petition for writ of mandamus." Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000). A writ of mandamus is an extraordinary remedy available only when there is: "(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001).'"
Ex parte Estate of Reynolds, 946 So.2d 450, 452 (Ala.2006) (quoting Ex parte Nall, 879 So.2d 541, 543 (Ala.2003)).

III. Legal Analysis
Although common facts justify the consolidation of these petitions, each petition presents issues that are best analyzed independently.
Sawyer and Finch's petition poses the following issue:
"Whether [Sawyer and Finch] are entitled to State-agent immunity, when their jobs were exclusively administrative in nature and (1) required the exercise of discretion in allocating resources and supervising personnel, (2) involved the development and implementation of plans, policies, and procedures, and (3) for which no guidelines or detailed checklists existed."
In Ex parte Cranman, supra, this Court stated the rule governing State-agent immunity:
"A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
"(1) formulating plans, policies, and designs; or
"(2) exercising his or her judgment in the administration of a department or agency of the government, including but not limited to examples such as:
". . .
"(b) allocating resources,
". . . [or]
"(d) . . . supervising personnel. . . . "
792 So.2d at 405. After Cranman was decided, this Court stated that "if any employee failed to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist, . . . it is possible that that employee would not be entitled to State-agent immunity." Ex parte Butts, 775 So.2d 173, 178 (Ala.2000).
In the issue posed in Sawyer and Finch's petition, the State employees are performing administrative jobs, are required to exercise their judgment in allocating resources and supervising personnel, are involved in developing plans and procedures, and are not working from required guidelines or checklists. They would, therefore, meet the first part of the test for eligibility for State-agent immunity. We note, however, that a portion of the test denies a State agent immunity "from civil liability in his or her personal capacity . . . when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." Cranman, 792 So.2d at 405. Because this element of the test requires knowledge of the mental state of the State agent that was not included in the statement of the issue, the question whether the State employees are entitled to State-agent immunity may be answered in the affirmative only if the State employees were not acting in one of the proscribed manners when the cause of the action arose. Accordingly, as we have attempted in the past to make clear, "`[t]he applicability of the doctrine *1107 of discretionary function must be determined on a case-by-case basis, and it is a question of law to be decided by the trial court.' Ex parte Davis, 721 So.2d 685, 689 (Ala.1998)." Ryan v. Hayes, 831 So.2d 21, 28 (Ala.2002).

A. State-Agent Immunity
Justice Lyons dissented from this Court's unpublished order staying the proceedings in the trial court. In his dissent, Justice Lyons stated:
"I do not consider a defense of State-agent immunity in an action against a State agent in his or her individual capacity to be a matter involving subject-matter jurisdiction of the court. This Court has held that State-agent immunity from an action alleging negligence arising out of a discretionary act is an affirmative defense that must be raised and proved by the defendant. See Bell v. Chisom, 421 So.2d 1239 (Ala. 1982). See also Lightfoot v. Floyd, 667 So.2d 56, 64 (Ala.1995) ('Qualified immunity [now referred to as State-agent immunity] is an affirmative defense that the defendant must raise and prove, and upon a defendant's motion for summary judgment the burden is on the defendant to show that his acts are entitled to such immunity. Phillips v. Thomas, 555 So.2d 81 (Ala.1989).')."
Although 12 to 25 years old, the opinions cited by Justice Lyons remain valid precedent. Justice Lyons also noted that Sawyer and Finch rely on Larkins v. Department of Mental Health & Mental Retardation, 806 So.2d 358 (Ala.2001), as justification for their immunity claim. That case deals with a court's lack of subject-matter jurisdiction when the claim is against the State and not when the claim is against an official in his or her individual capacity. The State cannot waive its immunity from suit, and it follows that the court can have no jurisdiction where no suit is possible. A defendant who is being sued in his or her individual capacity does not have the same immunity as the State has; he or she must submit to the authority of the trial court for a determination of the immunity issue. "Under the Alabama Constitution, a circuit court `shall exercise general jurisdiction in all cases except as may be otherwise provided by law.' Amend. No. 328, § 6.04(b) [now § 1 & 2], Ala. Const. 1901." Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006).
In another recent case, this Court quoted from several earlier cases to detail the burden-shifting process involved in establishing a claim of State-agent immunity on a summary-judgment motion:
"In analyzing cases in which a defendant presents the trial court with a State-agent-immunity claim on a summary-judgment motion, this Court applies a burden-shifting analysis based on the evidence presented to the trial court. In order to establish State-agent immunity, the party seeking to assert the defense must present evidence indicating that the claims against him or her arise from the performance of a discretionary act. . . . If the defendant establishes that the conduct made the basis of the claims against him falls within a category of conduct giving rise to State-agent immunity, then the burden shifts to the plaintiff to show that the defendant acted in a manner that precludes application of State-agent immunity."
Ex parte Alabama Department of Mental Health & Mental Retardation, 937 So.2d 1018, 1023-24 (Ala.2006) (citations and footnotes omitted). In short, a claim of State-agent immunity must be made in the trial court, and the plaintiff must be given the opportunity to present evidence to refute the claim.

*1108 B. Sawyer and Finch

Sawyer and Finch argue that they are entitled to State-agent immunity because, they say, they have met their burden of proof in establishing that entitlement. They argue:
"[I]n addition to establishing her entitlement to State-agent immunity, Ms. Sawyer testified that none of their actions were taken in bad faith, with malice, with willfulness, beyond their authority, or under a mistaken interpretation of the law. . . . Likewise, other courts have found no such evidence in similar lawsuits. Nevertheless, Ms. Percer has presented absolutely no evidence whatsoever that Ms. Sawyer discharged her duties in bad faith or otherwise."
"Dr. Finch testified that none of his actions were taken in bad faith, with malice, with willfulness, beyond his authority, or under a mistaken interpretation of the law. . . . Ms. Percer also has failed to demonstrate that Dr. Finch was not exercising his judgment in the manner set forth in Ex parte Cranman [, 792 So.2d 392 (Ala.2000)]. Dr. Finch created and implemented policies and procedures for the entire Wallace Center. . . . In short, . . . Finch has established his entitlement to State-agent immunity, [and Percer] has not and cannot present any evidence that [Finch's] actions were taken in bad faith or otherwise."
The factual findings of other courts in other cases involving the same issues and the same defendants are not binding on a trial court, although Sawyer and Finch argued otherwise to the trial court. Further, as we discuss below, Percer had no opportunity to present evidence indicating that Finch or Sawyer had discharged his or her duties in bad faith, with malice, beyond the scope of authority, or under a mistaken interpretation of the law, because the issue of State-agent immunity was not placed before the court in a timely filed motion. Neither is the question whether Sawyer and Finch met their burden before this Court. The question Sawyer and Finch have placed before this Court is "[w]hether the Petitioners' Motion for Summary Judgment based on State-agent immunity, filed after the trial court's deadline, was properly before the court for consideration, when the question of immunity is jurisdictional and can be raised at any time." We hold that because the motion for a summary judgment grounded on State-agent immunity was untimely, it was not properly before the court, notwithstanding that it raised a claim of State-agent immunity and notwithstanding the intent of the movants. Further, we reject the contention that an individual's claim of State-agent immunity raises a nonwaivable issue of subject-matter jurisdiction.
"The long-standing legal principle of state sovereign immunity is written into Alabama's Constitution. `Article I, § 14, Alabama Constitution of 1901, provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Under this provision, the State and its agencies have absolute immunity from suit in any court.' Neither the State nor the [State agency] has the power to waive that immunity. . . . "
Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 434-35 (Ala.2001) (citations omitted). Actions against individuals acting as State agents implicate the protection of § 13, Ala. Const 1901.[2] See Ex parte Cranman, 792 So.2d at 401:

*1109 "In applying the doctrine of separation of powers, we must recognize § 14 as an expression of a strong public policy against the intrusion of the judiciary into the management of the State while, at the same time, acknowledging that it speaks only to a prohibition of lawsuits against the State and does not mention lawsuits against individuals. For this reason, the express provisions of § 13 establishing the right to a remedy through a lawsuit against an individual must, as to the issue before us, stand above the implications from § 14 in the hierarchy within the declaration of rights."
This rationale justifies differentiating between nonwaivable immunity in an action against the State and waivable immunity in an action against a State agent sued in the agent's individual capacity.
The extent to which these issues may be asserted by Sawyer and Finch at trial, however, is a question not before us.
Sawyer and Finch seek an order from this Court directing the Morgan Circuit Court to enter a summary judgment for them based on State-agent immunity. For the reasons presented and discussed below, such an order would be contrary to established law.
This Court has stressed its willingness to protect the safeguards of State-agent immunity. We have explained that,
"once the parties have had the opportunity to conduct discovery, the defendants [will] have the opportunity to seek a summary judgment on the ground that they were entitled to State-agent immunity, and that if such a motion was made and denied by the trial court, review of the ruling could be then sought from this Court. . . . "
Ryan, 831 So.2d at 32. This opening of the Court's doors was not intended, however, to disenfranchise the trial courts. Possibly to prevent any future misinterpretation that its permissive stance in regard to State-agent immunity might allow for shortcuts, this Court continued in Ryan to reiterate its earlier statement that "`it is the rare case involving the defense of [State-agent] immunity that would be properly disposed of by a dismissal pursuant to Rule 12(b)(6), [Ala. R. Civ. P.].' Patton v. Black, 646 So.2d 8, 10 (Ala. 1994)." 831 So.2d at 32. Rule 12(b)(6), Ala. R. Civ. P., is closely related to Rule 56, Ala. R. Civ. P., "Summary Judgment." Rule 12(b) states, in part:
"If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . . "
Thus, "it is a rare case" where a claim of State-agent immunity could be disposed of without resort to "matters outside the pleadings," i.e., based on a bare assertion of immunity.
After a hearing with the parties, the trial court scheduled the filing of summary-judgment motions no later than February 7, 2006. Sawyer and Finch filed their motion for a summary judgment on May 3, 2006, nearly three months after the filing deadline set by the trial court; the judge denied it two days later. The motion does not assert a claim of State-agent immunity in its 2 pages and 15 exhibits. The first assertion of a claim of State-agent immunity appears at page 8 in Sawyer and Finch's brief in support of their *1110 motion for summary judgment, where the argument is presented. The trial judge, in his answer filed in response to this Court's order of answer and briefs for this petition, stated:
"On May 3, 2006, the petitioners filed their Motion for Summary Judgment which serves as the subject matter of this Petition. (Pet. Exhibit 17.) Finding that they had not requested an extension of the February 7 deadline and were about three months overdue, the undersigned on May 5, 2006, denied the Motion for Summary Judgment as being untimely filed (Pet. Exhibit 19.) On May 19, 2006, the Court denied the petitioners' Motion for Reconsideration and for Modification of Scheduling Order (Pet. Exhibits 21 and 22)."
"`"A writ of mandamus is . . . available only when there is . . . an imperative duty upon the respondent to perform, accompanied by a refusal to do so. . . ."'" Estate of Reynolds, 946 So.2d at 452 (quoting Ex parte Nall, 879 So.2d at 543) (emphasis added). Here, the trial judge had no imperative duty to respond to an untimely motion. The court's denial of the motion for a summary judgment was not based on State-agent immunity, it was based on the untimeliness of the motion.
Furthermore, "[i]n order to claim State-agent immunity, a State agent bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity. Giambrone [v. Douglas], 874 So.2d [1046,] 1052 [(Ala.2003)]; [Ex parte] Wood, 852 So.2d [705,] 709 [(Ala.2002)]." Estate of Reynolds, 946 So.2d at 452.
The trial judge argues in his answer:
"Whether subject matter jurisdiction is involved or not, the burden remains on the petitioners to properly and timely raise the immunity issue and prove that they are entitled to it. This is true in any case where subject matter jurisdiction is implicated. . . . In this case the petitioners did not timely request an extension of the summary judgment deadline imposed in the Court's January 17, 2006 Scheduling Order. Nor did they offer a showing of good cause for their delay of nearly three months beyond the deadline in filing their Motion for Summary Judgment."
In their reply to the trial judge's answer, Sawyer and Finch
"concede that their Motion for Summary Judgment based on State-agent immunity was filed after the trial court's February 7, 2006 deadline. . . . However, . . . Kathy Sawyer has been granted State-agent immunity, as affirmed by this Court, on at least two separate occasions. Likewise, not only has the Morgan County Circuit Court previously granted Dr. Finch State-agent immunity, but this Court has affirmed the grant of State-agent immunity in similar suits. For these reasons and under well-settled law, the trial court was obligated to consider and grant their claims to State-agent immunity."
Sawyer and Finch suggest in their reply to the trial judge's answer that they never had scheduling meetings with the trial judge and that they "would not have agreed, and certainly would have objected, to a February 7, 2006, deadline for filing summary judgment motions." Sawyer and Finch then assert that they did not receive the scheduling order until January 26, 2006,
"thereby giving them twelve days to file motions for summary judgment or seek relief from the Scheduling Order.4
"4 With the benefit of hindsight seeking relief at that time from the January 17, 2006, Scheduling Order may have *1111 been the better course of action. However, seeking such relief was certainly not a guaranteed remedy."
We agree with Sawyer and Finch that addressing the issue at the time would have been more prudent than filing their summary-judgment motion three months after the filing deadline set by the trial court. Filing the summary-judgment motion on time would have been even more prudent because it would have placed the issue of State-agent immunity before the trial court. While 12 days is not an overly long period in which to file the required motion, Sawyer and Finch seem to be very practiced at such filings, based on their claimed successes in the recent past, and this argument provides no support for the issuance of a writ of mandamus.
The trial court here did not consider whether State-agent immunity applied; it denied Sawyer and Finch's motion for a summary judgment as "untimely filed outside the deadline set by the Court." Sawyer and Finch have not demonstrated a clear legal right to the remedy they are now requesting from this Court, and their petition is accordingly denied.

C. Stevens
In her petition, Stevens asks this Court to direct the trial court (1) to vacate its March 20, 2006, order denying her motion to dismiss, (2) to vacate its June 8, 2006, order denying her motion for leave to file a motion for a summary judgment, and (3) to enter an order granting her summary-judgment motion on the ground that the claims against her are time-barred.
Stevens filed her petition for the writ of mandamus after the presumptively reasonable time for filing set forth in Rule 21(a)(3), Ala. R.App. P., i.e., the time for taking an appeal. That rule provides that petitions filed beyond the presumptively reasonable time "shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time." Because the presence or absence of "good cause" is a threshold issue for this petition, we will consider it first.
Stevens was served with process on February 11, 2006. It may be that Stevens had knowledge of the action against Sawyer and Finch; "[h]owever[,] actual knowledge of an action `does not confer personal jurisdiction without compliance with Rule 4.' Gaudin v. Collateral Agency, Inc., 624 So.2d 631, 632 (Ala.Civ. App.1993)." Cain v. Cain, 892 So.2d 952, 955 (Ala.Civ.App.2004). Accordingly, the trial court obtained personal jurisdiction over Stevens on February 11, 2006, when process was properly served. Rule 12(a), Ala. R. Civ. P., requires that "[a] defendant shall serve an answer within thirty (30) days after service of the summons and complaint. . . ." Stevens filed a timely motion to dismiss on March 13, 2006, alleging that the claims in the amended complaint against her did not relate back to the original complaint and that the claims against her were time-barred. On March 20, 2006, the trial court denied the motion, apparently erroneously describing it as "a Motion to Dismiss filed by Defendant Sawyer," Petition at exhibit 16, because Sawyer had no such motion pending at the time. Stevens had filed a petition for a writ of mandamus with this Court, which we denied on procedural grounds on May 3, 2006, by an unpublished order; in that petition, Stevens did not show that she had a clear legal right to an order vacating the trial court's January 18, 2006, order granting Percer's motion to amend her complaint, because she was not a party to the action until February 11, 2006.
On May 17, 2006, Stevens and the other defendants filed what they styled as a *1112 "motion to reconsider," which included a request that the trial court modify its scheduling order to allow Stevens to file a motion for a summary judgment. After that motion was denied on May 19, 2006, Stevens, on May 25, 2006, filed a motion for a summary judgment and a motion for leave to file a motion for summary judgment. On June 8, 2006, the trial court denied this latter motion. On June 13, 2006, Stevens filed the petition for the writ of mandamus now before us. This petition would be timely if our only concern was the trial court's May 19 and June 8 orders; the petition, however, was filed beyond the presumptively reasonable time with regard to the March 20, 2006, order. Rule 21(a)(3), Ala. R.App. P., provides:
"The petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal. If the petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time."
The petition asserts that Stevens "explained in her May 25, 2006 Motion for Leave [to file a summary judgment] that she was not a party [named in the case] when the summary judgment deadline expired" and that her "efforts to first, and repeatedly, seek relief with the trial court provide the basis for good cause in respectfully requesting review of the trial court's March 20, 2006, Order."
Stevens has shown good cause for the late filing of her petition for the writ of mandamus based on her unique procedural posture in this case. Although a trial court has the authority to manage its docket through setting deadlines for the parties to a case under Rule 16, Ala. R. Civ. P., we find that the February 7, 2006, deadline for filing motions for a summary judgment, established in the January 17, 2006, order, did not apply to Stevens, who was served with process after that deadline had passed. Therefore, Stevens's motion for a summary judgment  contending that the statutory period of limitations for the claim asserted against her had expired, that the plaintiff had failed to exercise due diligence in identifying Stevens as one of the fictitiously named defendants so that the amended complaint should not relate back to the original claim, and that the plaintiff knew, or should have known, about Stevens as a potential defendant before the statutory limitations period had expired  should be considered on its merits. Accordingly, we direct the trial court to vacate the June 8, 2006, order that denied Stevens's motion for leave to file a motion for a summary judgment and to consider her case on the merits.

IV. Conclusion
Sawyer and Finch have failed to demonstrate that they are entitled to a writ of mandamus. Their motion for a summary judgment was denied not on the basis of State-agent immunity but because it was untimely. We therefore deny their petition. Stevens has shown good cause for the late filing of her petition for the writ of mandamus, and she has presented arguments in her various motions that are to be considered in the trial court. We therefore grant her petition and direct the trial court to vacate its June 8, 2006, order.
1051249  PETITION DENIED.
LYONS, SMITH, and BOLIN, JJ., concur.
*1113 STUART, J., concurs specially.
COBB, C.J., and SEE, WOODALL, and MURDOCK, JJ., concur in the result.
1051304  PETITION GRANTED; WRIT ISSUED.
SEE, STUART, SMITH, and BOLIN, JJ., concur.
COBB, C.J., and MURDOCK, J., concur in the result.
LYONS and WOODALL, JJ., dissent.
STUART, Justice (concurring specially as to case no. 1051249).
I concur specially as to case no. 1051249. As to the motion for a summary judgment relating to Kathy Sawyer and James R. Finch, the majority opinion states: "The court's denial of the motion for a summary judgment was not based on State-agent immunity, it was based on the untimeliness of the motion." 984 So.2d at 1110. Sawyer and Finch may produce proof to establish State-agent immunity at trial. I do not condone ignoring filing deadlines. However, reaching the merits of a motion for a summary judgment before trial is to the benefit of both the plaintiff and the defendant. Another sanction besides denial of the summary-judgment motion for the untimely filing of the summary-judgment motion might have been appropriate.
MURDOCK, Justice (concurring in the result).

I. Sawyer and Finch (case no. 1051249)
I concur in the result reached by the main opinion as to the petition of Kathy Sawyer and James R. Finch, but in so doing I believe it important to note the following:
First, I agree with Justice Stuart's comments regarding this portion of the main opinion.
Second, the desirability of addressing a claim of sovereign immunity before trial, thereby potentially saving the court system and the parties the time, effort, expense, and other burdens of preparing for and conducting a trial, obtains whether the defense of sovereign immunity is deemed an issue of subject-matter jurisdiction, as the petitioners urge, or not, as the main opinion and Justice Lyons urge.[3] In addition, the principle that a defense of subject-matter jurisdiction can be raised at any time means that the defense need not be raised before or at trial, but can be raised in a proper postjudgment motion or even for the first time on appeal. This principle does not mean that, if the defense is to be raised before or during a trial, rather than after trial or on appeal, the trial court cannot set reasonable temporal or other procedural guidelines for the defendant to follow. I therefore do not believe it necessary for this Court, in deciding this case, to address the issue whether Sawyer's and Finch's claims of sovereign immunity go to the subject-matter jurisdiction of the trial court.[4]
*1114 Third, the trial court's scheduling order gave the defendants, Sawyer and Finch, only three weeks from the date of that order for filing motions for a summary judgment. Moreover, the deadline set by the trial court  February 7, 2006  was over four months before the scheduled trial date. The argument that the three-week period was an unreasonably short time frame and that February 7 was too early a deadline relative to the trial setting has merit. Nevertheless, Sawyer and Finch did not file their motion for a summary judgment until three months after their three-week window for doing so had closed, and they did not file their motion for a modification of the scheduling order until one month before the scheduled trial date. Had these filings been made closer to the February 7 deadline, I would be more inclined to find that the trial court exceeded its discretion in not considering Sawyer and Finch's summary-judgment motion on its merits before trial.[5]
Finally, because the trial court is now to consider the summary-judgment motion of Sonya Stevens, see Part III.C., of the main opinion, I believe the trial court should exercise its discretion to simultaneously consider Sawyer and Finch's motion for a summary judgment on the ground of sovereign immunity, thereby potentially saving the court system and the parties the time, effort, expense, and other burdens of preparing for and conducting a trial.

II. Stevens (case no. 1051304)
I also concur in the result as to the portion of the main opinion addressing Sonya Stevens's petition. I write separately to further explain my views as to the issues raised by this petition.
In September 2005, the plaintiff, Laura Percer, filed a motion to amend her complaint to substitute Stevens for fictitiously named defendants. The two previously named defendants, Sawyer and Finch, filed what they referred to as an "opposition" to that motion. Thereafter, on December 15, 2006, a "supplement" to that opposition (hereinafter the "supplemental opposition") was filed. In that supplemental opposition, the attorneys for Sawyer and Finch stated that they represented both of those defendants, as well as the Alabama Department of Mental Health and Mental Retardation (Stevens's employer) and stated in a footnote that "consequently . . . the undersigned also represent Ms. Stevens for purposes of this Opposition."
In a January 18, 2006, order, the trial court ruled that Percer could amend her complaint to substitute Stevens as a named party. On February 7, 2006, the deadline for filing motions for a summary judgment (as set in a previously entered scheduling order) expired. Stevens was served with process on February 11, 2006. On March 1, 2006, Stevens filed a petition for a writ of mandamus in this Court, challenging the decision of the trial court as set forth in its January 18, 2006, order, to allow the plaintiff to name Stevens as a defendant in an amended complaint.
Two weeks later, on March 13, 2006, Stevens filed in the trial court a motion to dismiss pursuant to Rule 12(b)(6), Ala. R. Civ. P., in which Stevens sought the formal dismissal of the claims against her on the *1115 ground that they were barred by the applicable statute of limitations. A week later, on March 20, 2006, the trial court entered an order stating that a pending motion by defendants Sawyer and Finch was denied and that "a Motion to Dismiss filed by Defendant Sawyer" was denied. Sawyer had no such motion pending at the time.[6]
Sometime after March 20, 2006, Stevens supplemented her still pending petition for a writ of mandamus in this Court with a copy of the trial court's March 20 order. On May 3, 2006, this Court denied Stevens's March 1 petition for a writ of mandamus on the ground that, notwithstanding the footnote in the December 15 supplemental opposition, Stevens was not a party to the opposition filed by Sawyer and Finch and therefore had no clear legal right to the order sought. That denial came on the 44th day after the trial court's entry of its March 20, 2006, order.
After waiting on this Court's decision as to her March 1 petition for a writ of mandamus and then receiving that decision when she did, Stevens faced a choice. She could file a second petition for a writ of mandamus in this Court, asking this Court to directly address the trial court's March 20, 2006, order. Alternatively, she could return to the trial court and ask that court for leave, beyond the February 7 scheduling order deadline, to file a motion for a summary judgment in which she could assert her statute-of-limitations defense. She chose the latter course and on March 17, 2006, filed a motion in the trial court seeking a modification of the scheduling order. In it, Stevens noted that she "never had an opportunity to seek summary judgment [because] [t]he scheduling order set February 7, 2006, as the deadline for filing summary judgment motions[, and] . . . Stevens was not served with a copy of the Summons, Complaint, and Amended Complaint until February 11, 2006." The trial court responded two days later with an order dated May 19, in which it stated:
"Th[is] Court set the deadline for filing motions for summary judgment after discussion in open Court on January 12, 2006, and explained its reasons for setting the reasonably short deadline. No one objected. The same attorneys represent all defendants, whose interests and defenses do not appear to be inconsistent or diverse from each other. The Court finds no reason to reconsider its May 5, 2006, Order or to modify the Scheduling Order."
(Emphasis added.)
In response, Stevens promptly filed on May 25 a motion for leave to file a motion for a summary judgment in which she reiterated her argument that she had never had an opportunity to file a motion for a summary judgment and, citing Rule 1(c), Ala. R. Civ. P., added that she would be prejudiced and would be deprived of a *1116 "just, speedy, and inexpensive determination of" the action if she were not allowed to file a summary-judgment motion. (On the same day, Stevens filed her proposed motion for a summary judgment, a motion that was devoted exclusively to her statute-of-limitations defense.) On June 8, 2006, the trial court denied Stevens's motion for leave to file her motion for a summary judgment. Five days later, on June 13, 2006, Stevens filed the petition now before us, seeking relief both from the trial court's March 20, 2006, order and its June 8, 2006, order.
With respect to the trial court's June 8, 2006, order, the pending petition was filed well within the presumptively reasonable 42-day period set by Rule 21(a)(3), Ala. R.App. P. Insofar as the pending petition seeks a review of the trial court's March 20, 2006, order, I am unwilling to foreclose the consideration of the petition on the ground that it is untimely. Given the relatively unusual and uncertain circumstances described above, and given the consistency with which this Court has, since its decision in Ex parte Troutman Sanders, LLP, 866 So.2d 547 (Ala.2003), declined to entertain petitions for writs of mandamus filed after the presumptively reasonable 42-day period, I cannot conclude that it was unreasonable for Stevens, upon receipt of this Court's order of May 3, 2006, to seek relief from the trial court's scheduling order so as to allow the filing of a motion for a summary judgment that would place the merits of Stevens's statute-of-limitations defense squarely before the trial court. My conclusion in this regard is bolstered by the fact that "Rule 21(a) refers only to . . . a presumptively reasonable time," see Troutman Sanders, 866 So.2d at 551 (Lyons, J., dissenting (emphasis added)), and that the course of action pursued by Stevens was designed to have the salutary effect of seeking a resolution of this matter by the trial court itself, before filing a potentially unnecessary "appeal," cf. id. (noting the "salutary nature of the practice of seeking reconsideration in a timely fashion before invoking the jurisdiction of this Court").
I believe we must set the bar for what constitutes "good cause" in rebuttal of the presumption of a 42-day period for filing a petition for a writ of mandamus at a height that is achievable and that provides relief from the presumption where reasonably necessary or appropriate. See generally Rule 21(a)(3), Ala. R.App. P. In this regard, the "goodness" of the cause asserted for an otherwise late filing can be considered in the context of the extent to which the opposing party will be prejudiced by the delay. Ultimately, we should not lose sight of the fact that "Rule 1, Ala. R.App. P., requires that the rules `shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits.'" Troutman Sanders, 866 So.2d at 551 (Lyons, J., dissenting). The latter considerations surely apply in a case such as this where a trial court's ruling on the merits could have avoided another trip to this Court and held the potential for a speedier and less expensive determination of this case than will result from requiring the parties to prepare for and participate in trial.[7]
COBB, C.J., concurs.
LYONS, Justice (concurring in part and dissenting in part).

I. Sawyer and Finch (case no. 1051249)
I concur as to the denial of the petition for the writ of mandamus filed by Kathy *1117 Sawyer and James R. Finch (case no. 1051249).

II. Stevens (case no. 1051304)
I respectfully dissent from granting the petition for the writ of mandamus filed by Sonya Stevens (case no. 1051304). The main opinion states:
"Stevens requests relief in the form of an order directing the trial court (1) to vacate its March 20, 2006, order denying her motion to dismiss, (2) to vacate its June 8, 2006, order denying her motion for leave to file a motion for a summary judgment, and (3) to enter an order granting her May 25, 2006, summary-judgment motion on the ground that the claims against her are time-barred."
984 So.2d at 1104.
We permit review of interlocutory orders rejecting the defense of limitations only in a setting, such as here, where the newly added defendant has been substituted for a party sued by a fictitious name. Our review on a petition for a writ of mandamus extends to reviewing the denial of motions for a dismissal or for a summary judgment that asserted a statute-of-limitations defense only as to fictitious-party practice. Ex parte International Refining & Mfg. Co., 972 So.2d 784 (Ala. 2007).
Laura Percer obtained leave to amend the complaint to substitute Stevens for a fictitious party on January 18, 2006, and she amended her complaint on January 24, 2006. The complaint was served on Stevens on February 11, 2006. On March 1, 2006, Stevens filed a petition for a writ of mandamus in this Court challenging the trial court's order of January 18, 2006, because, she argued, it impermissibly permitted Percer to avail herself of the doctrine of relation back pursuant to fictitious-party practice. We denied the petition on May 3, 2006, because Stevens was not a party at the time the order allowing the amendment was entered.
When Stevens was served with the complaint on February 11, 2006, the deadline for filing motions for a summary judgment had passed. Stevens filed a motion to dismiss, asserting the defense of limitations on March 13, 2006, and the trial court entered an order, mistakenly referring to a motion filed by Sawyer, denying Stevens's motion on March 20, 2006. Stevens did not seek review of that order until filing the instant petition on June 13, 2006. Because this petition was filed more than 42 days after the denial of the motion on March 20, 2006, it is beyond the presumptively reasonable time set forth in Rule 21(a)(3), Ala. R.App. P. Stevens's inactivity is primarily attributable to her reliance upon the merit of her March 1 petition. Whether she is entitled to review at this time depends on the reasonableness of that reliance. I am reluctant to establish precedent that permits successive petitions for the writ of mandamus seeking to address the merits of the same question of law to be deemed to be filed within a reasonable time, when an earlier petition attempting to address the same question was denied as procedurally defective. A determination of a reasonable time should not countenance multiple bites of the same apple, with the same apple here being the question of law dealing with the availability to Percer of fictitious-party practice as a means of avoiding the defense of limitations.
With respect to the different apple of the unfairness of applying a deadline for filing motions for a summary judgment that expired before Stevens was served, the instant petition was filed four months after she was served, the point in time when she first became subject to the deadline. She did not seek relief from the deadline in the trial court until May 26, *1118 2006. I do not see any basis for treating her delay in challenging the applicability to her of such deadline as reasonable. She had no basis merely to assume that her earlier petition to this Court seeking to interpose the defense of limitations would be granted, thus eliminating any necessity for resort to summary judgment to establish other defenses. I therefore dissent as to Stevens.
The extent to which issues may be asserted by Stevens at trial is a question not before us.
WOODALL, Justice (concurring in the result in part and dissenting in part).
Insofar as the Court denies the petition for the writ of mandamus filed by Kathy Sawyer and James R. Finch, I concur in the result. However, because I would deny Sonya Stevens's petition as untimely filed, I dissent insofar as the Court grants her petition.
NOTES
[1] Ex parte Alabama Department of Mental Health & Mental Retardation, 837 So.2d 808 (Ala.2002).
[2] Section 13 provides:

"That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay."
[3] Justice Lyons advanced this position in his dissent from the order staying the proceedings in the trial court.
[4] The main opinion in Ex parte Cranman, 792 So.2d 392, 400-01 (Ala.2000), suggests that State-agent immunity for State officers and employees sued in their individual capacity finds constitutional support primarily in § 43, Ala. Const. 1901, which expressly limits the power of the judicial branch, whereas the immunity of the State, State agencies, and State officers and employees sued in their official capacities, finds direct support from another provision of the constitution, § 14, Ala. Const. 1901, which prohibits the naming of the "State" as a defendant in a court of law. I am not persuaded that the former provision does not implicate the subject-matter jurisdiction of our courts as much as or more than the latter. In any event, for the reasons discussed in the text, I believe this is a question for another day.
[5] Although I would have considered the summary-judgment motion on its merits when filed, the decision whether to do so is not one for me and the other members of this Court. The only decision for this Court is whether, under the circumstances of this particular case, the trial judge so exceeded his discretion in taking a different approach that the law requires us to reverse his decision. I cannot say that he did.
[6] Because Sawyer had no such motion pending at the time, the question arose whether the trial court in fact intended in its March 20, 2006, order to deny Stevens's March 13, 2006, motion to dismiss. It may be noted that the trial court subsequently denied a motion by Stevens to clarify that its March 20, 2006, order was intended to refer to Stevens's motion.

Assuming, however, that the trial court intended in its March 20, 2006, order to refer to Stevens's March 13, 2006, motion to dismiss, a question remains as to whether the trial court denied that motion on its merits or only because the court considered the motion to have come too late. The motion was accompanied by evidentiary submissions that would have required the trial court to treat it as a motion for a summary judgment, see Rule 12(b), Ala. R. Civ. P., and the trial court clearly indicated in its orders of May 19 and June 8, 2006, see discussion, infra, that it was unwilling to consider summary-judgment motions filed past the February 7 deadline prescribed in its scheduling order.
[7] In preparing for trial of this case, Stevens undoubtedly would feel compelled to conduct discovery as to, and be prepared to address, the merits of the claims against her, and not just her statute-of-limitations defense, because she has no assurance that that defense will result in a dismissal of the claims against her early in the trial proceedings.