Rel: June 26, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2026-0017

_____

### Lisa Michelle Hopper

### v.

### State of Alabama

### Appeal from Blount Circuit Court
### (CV-20-900012)

MOORE, Presiding Judge.

Lisa Michelle Hopper appeals from an order of the Blount Circuit Court ("the circuit court") denying her motion for relief from a civil-forfeiture judgment. We reverse the order and remand the case to the circuit court.

<u>Background</u>

On January 22, 2020, the State filed a complaint against Hopper, alleging that, on or about January 8, 2020, law-enforcement officers had executed a probable-cause search on a vehicle occupied by Hopper and that, during that search, officers had seized Klonopin, a controlled substance; marijuana; methamphetamine; and $16,000 in cash. The State also alleged that the $16,000 was subject to civil forfeiture under Ala. Code 1975, § 20-2-93, because, the State argued, it had been used or was intended to be used in violation of Alabama's controlled-substances laws. On November 22, 2024, nearly five years after the complaint was filed, the State purportedly personally served Hopper with the complaint and a summons by a process server. <u>But Cf.</u> Ala. Code 1975, § 20-2-93(e)(1) (stating that civil-forfeiture proceedings "shall be instituted promptly"). The return-on-service form was signed by a person named Will Bearden on November 22, 2024, but the lines reserved for information, such as the type of process server, the address of the process server, and the telephone number for the process server, were left blank.

On March 5, 2025, the circuit court conducted a trial, at which Hopper did not appear. On March 20, 2025, the circuit court entered a judgment against Hopper, forfeiting the $16,000 in cash to the State. On September 18, 2025, Hopper filed a motion for relief from the forfeiture judgment, pursuant to Rule 60(b)(4), Ala. R. Civ. P. In her motion, Hopper asserted, among other things, that the civil-forfeiture judgment was void because the circuit court had not acquired personal jurisdiction over her through proper service of the complaint and a summons. After a hearing on October 1, 2025, during which no oral testimony was received, the circuit court entered an order denying Hopper's Rule 60(b)(4) motion.

On January 14, 2026, Hopper filed a petition for the writ of mandamus in this court. On January 23, 2026, this court entered an order indicating that Hopper's petition would be treated as an appeal. See Wilger v. Department of Pensions & Sec., 343 So. 2d 529, 532 (Ala. Civ. App. 1977) (holding that an order denying a Rule 60(b)(4) motion is a final, appealable judgment).

## Standard of Review

"The proper standard of review of the denial of a Rule 60(b)(4)[, Ala. R. Civ. P.,] motion is as follows:

3

"'""The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.'""'

"Bank of America Corp. v. Edwards, 881 So. 2d 403, 405 (Ala. 2003) (quoting Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So. 2d 655, 657 (Ala. 2001), quoting in turn Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So. 2d 209, 212 (Ala. 1991)); Ex parte N.B., 66 So. 3d 249, 254 (Ala. 2010)."

Looney v. State, 60 So. 3d 293, 296 (Ala. Civ. App. 2010).

Analysis

Rule 4(i), Ala. R. Civ. P., sets forth various methods of service, including, in pertinent part:

"(1) Delivery by a Process Server.

"....

"(B) By Designated Person. As an alternative to delivery by the sheriff, ... process issuing from any court governed by these rules may be served by any person not less than nineteen (19) years of age, who is not a party and

is not related within the third degree by blood or marriage to the party seeking service of process.

"(C) How Served and Returned. The person serving process shall deliver a copy of the process and accompanying documents to the defendant or other person who may be served under the provisions of Rule 4(c). ...

"... <u>If the service is made by a Designated Person under Rule 4(i)(1)(B), the return shall clearly indicate the name, the physical address of the home or business, and the telephone number of the person serving process and must include a statement that the server meets the requirements of Rule 4(i)(1)(B).</u> The return of the person serving process in the manner described herein shall be prima facie evidence that process has been served."

(Emphasis added.) A plaintiff attempting to serve a defendant by process server must strictly comply with Rule 4(i)(1). <u>See</u> <u>T.F.H. v. A.L.S.</u>, 383 So. 3d 407 (Ala. Civ. App. 2023).

In her Rule 60(b)(4) motion, Hopper noted that the return-on-service form Bearden filed in the circuit court did not meet the requirements of Rule 4(i)(1)(C). Hopper showed that the return-on-service form did not contain the address and telephone number of the process server and failed to include, in her words, "evidence that the

process server was a suitable 'other designated person.'" Hopper's brief, p. 16.

In T.F.H. v. A.L.S., supra , a mother sought to serve upon a father a petition to terminate his parental rights by, among other methods, delivery of the petition by a process server. This court determined that the return on service of process filed in the Coosa Juvenile Court did not comply with Rule 4(i)(1)(C) because it did not indicate the physical address and the telephone number of the process server and because it failed to include a statement that the process server was a person not less than 19 years of age, was not a party, and was not related within the third degree by blood or marriage to the party seeking serving of process. This court held that, in the absence of strict compliance with Rule 4(i)(1)(C), personal service was deficient. Accordingly, this court found that the juvenile court had not obtained personal jurisdiction over the father, and we held that the judgment purporting to terminate the father's parental rights was void.

In this case, the return-on-service form indicates that Hopper was personally served with the summons and complaint, and the form is signed by Bearden. However, the return-on-service form does not include

6

Bearden's address and telephone number or a statement that Bearden qualifies as a designated person under Rule 4(i)(1)(B). Accordingly, the return did not comply with Rule 4(i)(1)(C).

As we held in Bay Town Bonding, Inc. v. State, [Ms. CL-2025-0502, Feb. 20, 2026] ___ So. 3d ___ (Ala. Civ. App. 2026), when the defendant in a civil-forfeiture case contests service of process as being improper, the State has the burden of proving that service of process was performed correctly and legally. In this case, the return-on-service form, the only evidence in the record regarding service of process, shows that service of process was not performed in strict compliance with Rule 4(i)(1)(C). At the hearing on the Rule 60(b)(4) motion, the State did not present any testimony to the circuit court to explain the deficiencies. Although the State asserts on appeal that Hopper had actual notice of the proceedings, such notice would not relieve the State of complying with Rule 4, see Gaudin v. Collateral Agency, Inc., 624 So. 2d 631, 632 (Ala. Civ. App. 1993), or excuse the State from presenting affirmative evidence indicating that Hopper was properly served. See Heald v. Heald, 363 So. 3d 1014, 1021 n.1 (Ala. Civ. App. 2021) ("To allow a plaintiff's self-serving statements about providing actual notice to a defendant to substitute for

compliance with the requirements for service of process would undermine the very purpose for those requirements.").

The only evidence in the record relating to service of process shows that it was not properly accomplished in strict compliance with Rule 4(i)(1)(C). Thus, like in T.F.H., we must conclude that the circuit court never acquired personal jurisdiction over Hopper and that the civil-forfeiture judgment entered on March 20, 2025, is void. See T.F.H., 383 So. 3d at 411; see also Aaron v. Aaron, 571 So. 2d 1150, 1151 (Ala. Civ. App. 1990).

## Conclusion

Because the civil-forfeiture judgment is void, the circuit court erred in denying Hopper's Rule 60(b)(4) motion seeking relief from that judgment. We therefore reverse the order denying Hopper's Rule 60(b)(4) motion and remand the case for the entry of a judgment consistent with this opinion.

REVERSED AND REMANDED.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.