799 So.2d 316 (2001)
NATIONAL SAFETY ASSOCIATES, INC., a Tennessee corporation, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a foreign corporation, authorized to do business as subrogee of Rose Chiaia, Appellee.
No. 2D01-374.
District Court of Appeal of Florida, Second District.
October 5, 2001.
Pamela A. Chamberlin of Mitrani, Rynor, Adamsky, Macaulay & Zorrilla, P.A., Miami, for Appellant.
Karl C. Landsteiner of Goetz, Hartman & Landsteiner, Fort Myers, for Appellee.
SCHEB, JOHN M., (Senior) Judge.
National Safety Associates, Inc. (NSA), challenges the trial court's order denying its motion to quash service of process by Allstate Insurance Company. NSA argues that service was invalid because it did not comply with section 48.081(1), Florida Statutes (1997). We agree and reverse.
Allstate sued NSA in the circuit court in Collier County. A summons issued on December 14, 1998, indicated that the complaint was to be served upon Jay Martin as the registered agent for NSA. On January 13, 1999, Clarence Turks, Jr., a deputy sheriff in Tennessee, delivered the summons and complaint to Michael Ferraris, *317 NSA's Director of Human Resources, at NSA's offices in Memphis, Tennessee. NSA did not respond, and a default was entered against it on October 10, 1999, followed by a default judgment on October 18, 1999.
On November 3, 1999, NSA filed a notice of special appearance "for the purposes of preserving its challenge to service of process and personal jurisdiction." NSA filed Jay Martin's affidavit in which he stated that he was president of NSA and that he had not become aware of the suit until September 7, 1999, some eight months after service of process on Michael Ferraris. Additionally, NSA filed Mr. Ferraris' affidavit stating that, on January 13, 1999, he was Director of Human Resources but that he did not hold any of the positions mentioned in section 48.081(1) that would make him eligible to receive service on behalf of NSA. The trial court set aside the default and the default judgment and reserved ruling on the motion to quash service of process to allow Allstate leave to file an amended affidavit of service.
In his deposition, Mr. Martin stated that Mr. Ferraris was "at the bottom of [the] management layer" within NSA. At deposition, Deputy Turks stated that he had asked for Mr. Martin and was told he was not there; nevertheless, he did not seek to serve the summons and complaint on any of the other officers named in section 48.081(1). Rather, Deputy Turks said the receptionist directed him to Mr. Ferraris, who accepted service. The trial court ruled that there was "no clear and convincing evidence" that service was not properly made and denied NSA's motion to quash. This appeal ensued.
Section 48.081(1) provides:
(1) Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
Proper service of process is indispensable for the court to obtain personal jurisdiction over a defendant. Despite the fact that service of process was attempted in Tennessee to subject NSA to the jurisdiction of the Florida court, service was required to be made in accordance with Florida law. To obtain personal jurisdiction over a corporate defendant, a return of process showing service on an inferior officer of a corporation must show that all superior officers designated in the statute were absent when service was attempted. Largay Enters., Inc. v. Berman, 61 So.2d 366 (Fla.1952); Sunrise Assisted Living, Inc. v. Ward, 719 So.2d 1218 (Fla. 2d DCA 1998); Southeastern Mail Transp., Inc. v. Amoco Oil Co., 402 So.2d 522 (Fla. 1st DCA 1981).
Allstate contends that Telf Corp. v. Gomez, 671 So.2d 818 (Fla. 3d DCA 1996), governs this appeal. Telf stands for the proposition that a process server's return of service on a defendant, which is regular on its face, is presumed valid absent clear and convincing evidence to the contrary. Id. at 818. Here, the return was not regular on its face. Moreover, NSA's motion to quash was based on the fact that service did not comply with section 48.081(1) and was therefore legally deficient. Allstate made no showing that service of process *318 was attempted on any of the officers other than the presidentnamed in section 48.081(1). Nor did it show that Mr. Ferraris would qualify as a business agent of the corporation. The trial court apparently accepted Deputy Turks' statement that Mr. Ferraris told him he was authorized to accept service, and the trial court concluded that this was sufficient to absolve the deputy of any obligation to make further inquiry.
Because Deputy Turks served a company employee without first determining that the president was outside the jurisdiction and without seeking to serve one of the other officers named in section 48.081(1), the service on Mr. Ferraris was invalid. NSA properly preserved its objection to service by raising the deficiency in the proposed answer attached to its motion to set aside the default. Fla. R. Civ. P. 1.140(b). We reject Allstate's contention that NSA waived any complaint against the mode of service of process, because it sought affirmative relief before raising the issue of service of process. Florida courts have repeatedly held that filing a motion to vacate a default does not waive jurisdictional defenses where such defenses are raised simultaneously with the motion. See, e.g., Ginsberg v. Lamour, 711 So.2d 182 (Fla. 4th DCA 1998); Montero v. Duval Fed. Sav. & Loan Ass'n, 581 So.2d 938 (Fla. 4th DCA 1991).
Accordingly, we reverse the trial court's order denying NSA's motion to quash service of process.
PARKER, A.C.J., and WHATLEY, J., Concur.