McMILLAN, Presiding Judge.
Matthew J. Dougherty was found guilty in municipal court of failure to wear a safety belt in his automobile. He appealed to the circuit court for a trial de novo and, following a jury trial, was convicted of failure to wear a safety belt, a violation of § 32-5B-4, Ala.Code 1975. The circuit court ordered Dougherty to pay “a fine of $25 plus the costs of appeal.” (R. 52.)
The evidence at the trial de novo indicated that on July 4, 2002, Officer James Rainey of the Moundville Police Department noticed that the driver of a red Toyota pickup truck was operating his vehicle without wearing a safety belt. “[H]e didn’t have his seat belt on and the buckle was hanging on the side of the vehicle.” (R. 7.) Officer Rainey testified that he initiated a traffic stop and wrote the driver, whom he identified as Dougherty, a citation for failure to wear his seat belt. According to Officer Rainey, although he did not recall the exact model and year of the truck, it was a 1990s model vehicle. Officer Rainey further testified that *190 Dougherty told him that “he didn’t believe in seat belts, and he would see me in court.” (R. 8.)
I.
Dougherty first argues that the trial court erred in taking judicial notice that the vehicle was manufactured with safety belts in compliance with Federal Motor Vehicle Safety Standard No. 208.[1] Therefore, he contends, the trial court took “conclusive juridical notice of an essential element, thus relieving the State from the burden of proving that element.” (Dougherty’s brief at p. 8.) However, Dougherty failed to comply with Rule 28(a)(10), Ala. R.App.P., which requires that an argument contain “the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.” Other than quoting § 32-5B-4(a), Dougherty has cited no legal authority to support his contention that the trial court erred in taking judicial notice that a 1990 model Toyota pickup was manufactured in compliance with the Federal Motor Vehicle Safety Standard No. 208 when it was manufactured. “Merely quoting a statute and emphasizing certain parts with bold type does not constitute a properly stated and supported contention.” Water Works & Sewer Bd. of Selma v. Randolph, 833 So.2d 604, 608 (Ala.2002) (opinion on application for rehearing). “When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court’s duty nor its function to perform an appellant’s legal research.” City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala.1998).
Moreover, even had Dougherty’s brief regarding this issue been in compliance with Rule 28(a)(10), Dougherty would not have been entitled to any relief on this claim because he did not present this argument to the circuit court. When the trial court informed the parties during Dough-erty’s motion for a judgment of acquittal that it was taking judicial notice that a 1990 model pickup is supposed to be manufactured in compliance with the Federal Motor Vehicle Safety Standard No. 208, Dougherty did not object. “Review on appeal is limited to review of questions properly and timely raised at trial.” Newsome v. State, 570 So.2d 703, 716 (Ala.Crim.App.1989). “Even constitutional claims may be waived on appeal if not specifically presented to the trial court.” Brown v. State, 705 So.2d 871, 875 (Ala.Crim.App.1997). For these reasons, Dougherty is not entitled to any relief on this claim.
II.
Dougherty further argues that the trial court’s oral instruction to the jury was improper. Specifically, he contends that the trial court improperly determined that the truck was manufactured in 1990, and, further, citing Rule 201(g), Ala. R.Evid., that the instruction failed to instruct the jury that it was not required to accept as conclusive the fact as to which the trial court had taken judicial notice.
The trial court instructed the jury, in pertinent part, as follows:
“Now, in this case the City of Mound-ville is required to prove to you that *191 [Dougherty] was a front-seat occupant of a passenger car manufactured with safety belts in compliance with Federal Motor Vehicle Standard Number 208, and that he did not have a safety belt properly fastened about his body when the vehicle was in motion.
“Now, a passenger car, for purposes of this code section means a motor vehicle with motive power designed to carry ten or fewer passengers. A pickup truck would be included within a definition of a passenger car.
“As to Federal Motor Vehicle Safety Standard Number 208, the law provides that the Court, that’s me, can take judicial notice of certain things; this is without the parties having to go through the formality of proving something that’s not really in dispute. The Court, for instance, I can take judicial notice that it is now 1:39. I can take judicial notice. And I take judicial notice in this case that a Toyota pick-up truck manufactured in 1990 was manufactured with a seat belt in compliance with the Federal Motor Vehicle Safety Standard Number 208. So that’s not something you have to prove. I’m taking judicial notice of it, and that would apply to you.”
(R. 42-48.) At the conclusion of the oral instructions, Dougherty objected as follows: “And I would also like to raise an objection to your statement about the judicial notice. I believe that was a point in controversy.” (R. 48.)
Although Dougherty objected to the trial court’s oral instruction, the trial court did not rule on Dougherty’s objection. Therefore, this issue was not preserved for appellate review. See Breckenridge v. State, 628 So.2d 1012, 1018 (Ala.Crim.App. 1993) (“ ‘ “In the absence of a ruling, a request for a ruling or objection to the court’s failure to rule, there is nothing preserved for appellate review.” ’ ”). See also Davenport v. State, 653 So.2d 1006 (Ala.Crim.App.1994) (objection to trial court’s oral instructions not preserved where trial court merely stated “thank you,” which this Court held was not an adverse ruling).
Moreover, Dougherty’s objection did not reference Rule 201(g), Ala.R.Evid., or place the trial court on notice that Dough-erty was requesting that the trial court should have instructed the jury that it was not required to accept the judicially noticed fact as conclusive. Finally, taken in context, the trial court did not instruct the jury that Dougherty’s truck was a 1990 model. Rather, the judicially noticed fact was that 1990 model year Toyota pickup trucks were manufactured in compliance with Federal Motor Vehicle Safety Standard No. 208. This is evidenced by the fact that, after beginning its deliberations, the jury submitted questions to the trial court asking to know the model and year of Dougherty’s truck, to which the trial court responded that the jury had to resolve those questions based on the evidence. For these reasons, Dougherty is not entitled to any relief on this claim.
III.
Finally, Dougherty argues, and the State concedes, that the trial court erred in ordering him to pay court costs. Section 32-5B-5, Ala.Code 1975, provides that “[a]ny person violating the provisions of this chapter may be fined up to $25.00.” As both Dougherty and the State correctly note, § 32-5B-8(a), Ala.Code 1975, provides that “[a] person subject to a penalty pursuant to Section 32-5B-5[ ] shall not be assessed court costs on a conviction.” Dougherty further notes that § 12-14-70, Ala.Code 1975, provides that
“(a) All appeals from judgments of municipal courts shall be to the circuit *192 court of the circuit in which the violation occurred for trial de novo.
[[Image here]]
“(e) Upon trial or plea of guilty in the circuit court on appeal, the court may impose any penalty or sentence which the municipal court could have imposed.”
We note further that the term “trial de novo” is defined as “[a] new trial on the entire case — that is, on both questions of fact and issues of law — conducted as if there had been no trial in the first instance.” Black’s Law Dictionary 1544 (8th ed.2004).
Here, the proceedings in the circuit court, as a result of Dougherty’s appeal for a trial de novo, constituted the trial, and the judgment rendered in the circuit court proceedings is the conviction. Thus, the circuit court did not have the authority to impose court costs upon Dougherty’s conviction in the circuit court. More succinctly, the $25 fine was proper, but the assessment of court costs was not. Therefore, this case is due to be remanded for the trial court to resentence Dougherty without imposing court costs. Due return shall be filed with this Court no later than 35 days from the date of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED WITH DIRECTIONS AS TO SENTENCING.*
COBB, SHAW, and WISE, JJ., concur.
BASCHAB, J., concurs in the result.

. Section 32-5B-4(a), Ala.Code 1975, provides:
"Each front seat occupant of a passenger car manufactured with safety belts in compliance with Federal Motor Vehicle Safety Standard No. 208 shall have a safety belt properly fastened about his body at all times when the vehicle is in motion."

 Note from the reporter of decisions: On August 11, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion.