PER CURIAM.
 

 Appellant Bank of America, N.A., appeals the non-final order denying its motion to quash service of process and requiring it to file an answer to the writ of garnishment. Our jurisdiction to review the non-final order is under Florida Rule of Appellate Procedure 9.130(a)(S)(C)(i), which permits review of non-final orders that determine jurisdiction of a person.
 
 See Re-Employment Servs., Ltd. v. Nat’l Loan Acquisitions Co.,
 
 969 So.2d 467, 470 (Fla. 5th DCA 2007) (appellate court has jurisdiction to review a non-final order denying a motion to quash service of process under rule 9.130(a)(3)(C)(i)). For the reasons stated below, we reverse.
 

 Jonathan Bornstein sued Skip’s Discounted Preowned Cars, Inc. and Dwight B. Libbey, III. Bornstein obtained and served a writ of garnishment on Bank of America, commanding the bank to serve an answer on Bornstein’s counsel regarding whether the bank was indebted to the defendants. The return of service stated that the process server served the writ of garnishment at a Bank of America branch in West Palm Beach on “Felicia Assaroupe as Teller,” who said she was authorized to accept on behalf of the person to whom the process was directed.
 

 Bank of America moved to quash service of process for failure to comply with sections 48.081 and 655.0201, Florida Statutes (2009). Neither of the statutes permits service of process on a national association through a branch employee. Thus, Bank of America asserted it was not properly served. Bornstein scheduled the matter for a five-minute hearing. An amended return of service added the following addi
 
 *502
 
 tional information pertaining to the service:
 

 WHEN I ENTERED THE BANK, AS USUAL, I APPROACHED A BANK TELLER. THE OFFICER WAS BUSY WITH A CUSTOMER AND DIRECTED ME TO GO TO THE TELLER. I WALKED OVER TO THE PERSON I WAS DIRECTED TO AND WAS TOLD BY HER THAT SHE WAS AUTHORIZED TO ACCEPT SERVICE. SERVICE WAS MADE IN THE ABSENCE OF AN AVAILABLE. OFFICER IN ACCORDANCE WITH F.S. 48.081.
 

 Apparently, Bank of America first saw the amended return of service at the hearing.
 

 During the hearing, the court questioned why a motion to quash service of process was on the 8:45 a.m. motion calendar. Bank of America’s counsel explained that he suggested setting an evidentiary or specially set hearing, but Bornstein was not amenable to that. Bornstein responded that there were technical reasons why the service should not be quashed; he proposed scheduling an evidentiary hearing if the five-minute hearing on motion calendar did not suffice.
 

 Bank of America argued that the service of process was improperly made on a teller, a mere employee who is not contemplated for service by the statutes. Born-stein responded that the process server has served the same bank in the same manner for almost twenty years, i.e., the officer has directed the server to a teller who was authorized to accept service. Every time Bornstein followed this procedure, he received an answer within twenty days of service. The trial court found that a business agent was served and that there was at least apparent agency, if not actual agency. The court then entered a written order denying the motion to quash service of process and ordering Bank of America to file an answer to the writ of garnishment within ten days from the date of the order.
 

 Bank of America filed a motion for reconsideration and rehearing, again asserting that the statutes do not permit service on a teller in the absence of a corporate officer. It argued that, under Florida law, bank tellers are not business agents of a national banking association. Further, the doctrine of apparent authority is inapplicable to service of process. Bank of America further argued that it should be allowed to present evidence to rebut the process server’s affidavit in light of the last minute change in the affidavit. The court denied the motion. Bank of America then filed this appeal.
 

 Bank of America argues that the trial court erred in denying its motion to quash because Bornstein failed to comply "with the applicable statutes and case law governing service of process on national banks. According to Bank of America, the bank teller was a mere employee and thus not authorized to accept service on behalf of the bank.
 

 The standard of review of a non-final Order that determines the jurisdiction of a person is de novo.
 
 Re-Employment Servs. Ltd.,
 
 969 So.2d at 470. Statutes governing service of process should be strictly construed, and valid service on a corporation may be effected only by complying with such statutes.
 
 York Commc’ns, Inc. v. Furst Group, Inc.,
 
 724 So.2d 678, 679 (Fla. 4th DCA 1999);
 
 accord Top Dollar Pawn Too, Inc. v. King,
 
 861 So.2d 1264, 1265 (Fla. 4th DCA 2003). Absent strict compliance, the court lacks personal jurisdiction over the corporation.
 
 York Commc’ns,
 
 724 So.2d at 679. As the party invoking the court’s jurisdiction, Bornstein had the burden of proving proper service of process:
 

 
 *503
 
 The burden of proving proper service of process falls upon the party invoking the court’s jurisdiction, and the return of service is evidence of whether service was validly made. If the return is regular on its face, then the service of process is presumed, to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence. However, if the return is defective on its face, it cannot be relied upon as evidence that the service of process was valid.
 

 Re-Employment Servs., Ltd.,
 
 969 So.2d at 471 (citations omitted).
 

 Section 48.081, which governs service of process on a corporation, provides:
 

 (1)Process against any private corporation, domestic or foreign, may be served:
 

 (a) On the president or vice president, or other head of the corporation;
 

 (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
 

 (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
 

 (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
 

 § 48.081, Fla. Stat. (2009).
 

 Section 655.0201, which governs service of process on financial institutions, states:
 

 (1) Process against any financial institution authorized by federal or state law to transact business in this state may be served in accordance with chapter 48, chapter 49, chapter 607, or chapter 608, as appropriate.
 

 (2) Any financial institution authorized by federal or state law to transact business in this state may designate a registered agent as the financial institution’s agent for service of process, notice, or demand required or permitted by law to be served on the financial institution. If the financial institution has no registered agent, or its registered agent cannot with reasonable diligence be served, service may be made to any executive officer of the financial institution at its principal place of business in this state.
 

 (3) If service cannot be made in accordance with subsection (2), service may be made to any officer, director, or business agent of the financial institution at its principal place of business or at any other branch, office, or place of business in the state.
 

 (4) This section does not prescribe the only means, or necessarily the required means, of serving notice or demand on a financial institution.
 

 § 655.0201, Fla. Stat. (2009).
 

 The object of section 48.081 is to have service made upon someone who is held responsible by the corporation, “and it contemplates that service shall be made, whenever possible, upon the more responsible officers before resorting to service upon one of the inferior officers or agents of the corporation.”
 
 Imperial Towers, Inc. v. Dade Home Servs., Inc.,
 
 199 So.2d 518, 520-21 (Fla. 4th DCA 1967) (citing
 
 Cherry Lake Farms v. Love,
 
 129 Fla. 469, 176 So. 486 (1937)). “To obtain personal jurisdiction over a corporate defendant, a return of process showing service on an inferior officer of a corporation must show that all superior officers designated in the statute were absent when service was attempted.” Nat
 
 ’l Safety Assocs., Inc. v. Allstate Ins. Co.,
 
 799 So.2d 316, 317 (Fla. 2d DCA 2001);
 
 accord Space Coast Credit Union v. The First, F.A.,
 
 467 So.2d 737, 739-40 (Fla. 5th DCA 1985). The term “in the absence of,” as used in section 48.081, has been interpreted by case law to require absence from the county.
 
 Cherry
 
 
 *504
 

 Lake,
 
 176 So. at 488;
 
 Se. Mail Transport, Inc. v. Amoco Oil Co.,
 
 402 So.2d 522, 524 (Fla. 1st DCA 1981).
 

 We conclude that the trial court erred in denying the motion to quash because service was improper in that it failed to comply with the applicable statutes and case law. Neither the original nor the amended return of service showed the absence of the statutorily prescribed superior classes of persons who could have been served. The original return of service made no mention of the absence of any such persons. The amended return of service noted that an officer was present in the bank, but the process server served a bank teller, rather than the officer. The bank teller did not meet the definition of a business agent. “[A] business agent as contemplated by the law means more than one appointed for a limited or particular purpose. It has reference to one having general authority to act for the corporation within the state. Its duties must be closely related to the duties of the officers of the corporation.”
 
 Int’l Steel Truss Co. v. Artec Group, Inc.,
 
 824 So.2d 340, 342 (Fla. 2d DCA 2002) (quoting
 
 Valdosta Milling Co. v. Garretson,
 
 54 So.2d 196, 197 (Fla.1951)). “For purposes of service of process, a business agent has been held to be the person who represents the corporation and who officially speaks for it in the local business affairs of the corporation.”
 
 Se. Mail Transport,
 
 402 So.2d at 524.
 

 In
 
 Space Coast,
 
 the court held that service of process was defective where a “writ was delivered to a lower echelon employee of the garnishee bank who was not authorized to accept service of process and on the day service of process was attempted there were officers of the garnishee bank on the premises as well as business agents and directors.” 467 So.2d at 738. Similarly here, the amended return of service acknowledged that there was an officer present, but the process server delivered the writ to a lower level employee, who was not authorized under the statute to accept service, rather than the officer.
 

 Although the bank teller stated that she was authorized to accept service, that did not absolve the process server of the obligation to make further inquiry. In
 
 National Safety,
 
 a deputy served the director of human resources, a person who was “at the bottom of [the] management layer” within the company, upon his statement that he was authorized to accept service. 799 So.2d at 317. The second district found that the service was improper because the deputy served
 
 &
 
 company employee without first determining that the president was outside the jurisdiction and without seeking to serve one of the other officers named in section 48.081(1).
 
 Id.
 
 at 318.
 

 Based on the foregoing, we reverse the order denying the motion to quash service of process.
 

 Reversed.
 

 TAYLOR, GERBER and LEVINE, JJ., concur.