MAY, J.
A boat manufacturer appeals an order denying its motion to quash service of process. It argues the trial court erred in *716 finding that the plaintiffs service on an authorized distributor satisfied statutory-requirements for effective service of process. We agree and reverse.
The underlying dispute arose over a buyer’s dissatisfaction with a boat purchased from the manufacturer. The plaintiff filed a complaint against the manufacturer, Sunseeker International Limited, the authorized distributor, Sunseeker USA, Inc., and Jefferson Beach Yacht Sales, Inc., a Michigan broker/dealer. The manufacturer is a corporation organized under the laws of the United Kingdom with its principal office and factory in Poole, Dorest, England. All yachts are manufactured in the United Kingdom.
The complaint alleged:
3. Defendant Sunseeker USA, Inc. (“Sunseeker USA”) is a Florida corporation with its principal address located in Ft. Lauderdale, Broward County, Florida. Sunseeker is the U.S. distributor for Sunseeker Yachts, which are manufactured in Poole, England, by Sunseeker International Limited. Upon information and belief Sunseeker USA is either a subsidiary or otherwise under the effective control of Sunseeker International Limited.
4. Sunseeker International Limited (“Sunseeker Ltd.”) manufactures pleasure yachts in the United Kingdom and sells them through distributors, dealers, brokers, and agents in the state of Florida, including Defendant Sunseeker USA, Inc., and is therefore subject to longarm jurisdiction pursuant to Florida law.
The complaint further alleged the buyer purchased a defective luxury yacht through the authorized distributor. The defective yacht led to an agreement for the buyer to purchase another yacht, which was negotiated by a representative of both the distributor and the manufacturer. This led to a second agreement between only the authorized distributor and its dealer, which included replacing the yacht with another larger, newly-constructed yacht.
When the manufacturer subsequently requested the buyer to release his rights in the new yacht for a commission, the buyer refused. The manufacturer then delivered the yacht to a dealer in France. These facts led to the buyer’s complaint against the manufacturer for conversion of the new yacht and civil theft of a deposit.
The verified return of service provided: I ... served a CORPORATION by delivering a true copy of the SUMMONS/COMPLAINT ... to: KENNETH J. JOYCE as REG. AGENT for SUNSEEKER INTERNATIONAL LIMITED at the address of: 200 EAST LAS OLAS BLVD. #1900, FORT LAUDERDALE, FL 33301.
The manufacturer moved to quash service of process, arguing that service was defective because the buyer did not comply with Florida’s statutes to effect service on a foreign corporation and the Hague Convention. The manufacturer also simultaneously moved to dismiss the complaint for lack of personal jurisdiction, arguing that it does not do business in Florida.
The buyer responded by serving a request for production aimed at the issue of personal jurisdiction. The manufacturer objected to jurisdictional discovery, based in part on the pending motion to quash service. The buyer then filed a motion to compel production, claiming service on the manufacturer was proper through either sections 48.081(l)(d) or (2), Florida Statutes (2009). The trial court ordered jurisdictional discovery. We stayed the case pending this appeal.
At the hearing on the motion to quash, the buyer provided the trial court with a *717 one-page summary printout from the Florida Secretary of State’s website. The buyer represented that the manufacturer was still registered to do business in Florida, but did not have a registered agent. The buyer therefore served the authorized distributor as a business agent, pursuant to section 48.081, Florida Statutes (2009).
The manufacturer responded that it had withdrawn its registration in 2004, which was also reflected in the summary page. The trial court denied the motion to quash. This order is the subject of this appeal.
The denial of a motion to quash service of process is subject to de novo review. Bank of Am., N.A. v. Bornstein, 39 So.3d 500, 502 (Fla. 4th DCA 2010). “Statutes governing service of process should be strictly construed, and valid service on a corporation may be effected only by complying with such statutes. Absent strict compliance, the court lacks personal jurisdiction over the corporation.” Id. (citations omitted).
The manufacturer argues that service was defective on its face because the return reveals that service was perfected by serving its registered agent, but it has not had a registered agent in Florida since 2004. The manufacturer further argues that the buyer failed to plead and prove perfected service. The buyer responds that the printout revealed the manufacturer was registered to do business within the state and had designated the distributor as its registered agent.[1] For the reasons that follow, we agree with the manufacturer and reverse.
The party invoking the court’s jurisdiction has the burden of proving proper service of process. Id. To meet that burden, a plaintiff may produce evidence of a valid return of service. Id. at 503. “If the return is regular on its face, then the service of process is presumed to be valid.... However, if the return is defective on its face, it cannot be relied upon as evidence that the service of process was valid.” Id. (quoting Re-Employment Servs., Ltd. v. Nat’l Loan Acquisitions Co., 969 So.2d 467, 471 (Fla. 5th DCA 2007)). On its face, the return appears to be valid. However, as the manufacturer established, the buyer failed to plead and prove proper service under a provision of the Florida statutes.
Under the relevant sections of 48.081, process against a foreign corporation may be served “on any officer or business agent residing in the state” or “on any agent transacting business for it in this state.” § 48.081(1)(d) and (2), Fla. Stat. (2009).
For purposes of service of process, a business agent has been held to be the person who represents the corporation and who officially speaks for it in the local business affairs of the corporation. Furthermore, he must have the general authority to act for the corporation and be authorized to manage its business within the state.
Se. Mail Transp., Inc. v. Amoco Oil Co., 402 So.2d 522, 524 (Fla. 1st DCA 1981) (citation omitted). Here, the buyer failed to allege that the distributor was a business agent of the manufacturer or an agent transacting business for it.
The buyer also failed to prove the distributor was the business agent of the *718 manufacturer. The buyer provided the trial court with only a printout from the Secretary of State’s website. Significantly, that printout revealed that the manufacturer had withdrawn its registration in 2004. The buyer therefore failed to sustain its burden of proof.
The buyer having failed to establish compliance with Florida’s statutory requirements for service of process, the trial court erred in denying the motion to quash service of process. The case is reversed and remanded. Once service is perfected, the court may permit discovery on the jurisdictional issue if appropriate. Gleneagle Ship Mgmt. Co. v. Leondakos, 602 So.2d 1282 (Fla.1992).

Reversed and Remanded.

DAMOORGIAN and GERBER, JJ., concur.

. The buyer argues that the manufacturer waived personal jurisdiction because it first filed a motion for extension of time in which it advised it would contest personal jurisdiction. We disagree. The motion for extension of time did not waive personal jurisdiction because it did not go to the merits of the case. Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA 1984).