CIKLIN, J.
Nancy C. Block and John E. Stephens, Jr., as Trustees of the Jackson Martindell Trust dated December 30, 1988, (the “Trustees”) appeal the trial court’s order setting aside a 1992 default final judgment against Rip Tosun. Because the trial court granted Tosun’s motion to vacate without first conducting an evidentiary hearing, we reverse and remand for further proceedings.
The Trustees originally filed their complaint against Tosun in March 1992. On July 23, 1992, a default final judgment for $72,081.53 was entered in favor of the Trustees after Tosun failed to file any response in the case. After nearly eighteen years of no record activity, Tosun was served with a subpoena duces tecum in aid of execution in April 2010.
In January 2011, Tosun filed a motion to vacate both the default and the default final judgment. He claimed that service of process had never been made prior to the 1992 default and as a result the final judgment was void for lack of service. The motion alleged that the court file containing the original return of service had been destroyed. The office of the clerk of the circuit court, however, maintained a progress docket for the case. The progress docket contained an entry dated June 15, 1992, which read, “Summons Returned Served; Sums Retd Srvd 4/21/92 On Rip Tosun (Spb).”
Tosun attached an affidavit to his motion in which he swore that he had no recollection of having ever been served with a copy of the complaint and summons. He also averred that he did not remember having ever received a copy of the default final judgment that was entered against him on July 23, 1992. He pointed out that although the default final judgment stated *873 that a copy was furnished to him, the judgment did not list an address to where it was purportedly sent.
Subsequent to a non-evidentiary hearing on Tosun’s motion, the trial court entered an order granting Tosun’s motion to vacate the default final judgment. The order states, “The Court file no longer exists and the Plaintiffs are unable to provide a return of service.”
The Trustees contend that the trial court erred in concluding that the default judgment had to be set aside as a matter of law because the Trustees were unable to provide a return of service. We agree.
“[A] judgment entered without service of process on the defendant is void and may be attacked at any time.... ” M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So.2d 1079, 1080 (Fla. 4th DCA 2000); see also Fla. R. Civ. P. 1.540(b)(4). Furthermore, the Trustees, as the party seeking to invoke the jurisdiction of the court, had the burden of proving that a valid service of process had been made on Tosun prior to the entry of the default judgment in 1992. See BoatFloat, LLC v. Cent. Transp. Int’l, Inc., 941 So.2d 1271, 1273 (Fla. 4th DCA 2006) (“The burden of proof to sustain the validity of service of process is on the party seeking to invoke the jurisdiction of the court.” (citation and quotation marks omitted)). One way that the Trustees could have met their burden would have been by providing a return of service which was valid on its face. See, e.g., Sunseeker Int’l Ltd. v. Devers, 50 So.3d 715, 717 (Fla. 4th DCA 2010) (“To meet that burden, a plaintiff may produce evidence of a valid return of service.”). Unfortunately, any return of service which may have been filed with the trial court back in 1992 would have been lost when the trial court destroyed the case file after many years of no record activity.
Apparently, however, the trial court concluded that the only way the Trustees could meet their burden of proving that Tosun had been properly served with process prior to the 1992 default was by presenting the return of service in response to Tosun’s motion to set aside the default judgment. While a return of service is one means by which a plaintiff can prove that there had been a valid service of process on the defendant prior to the entry of a default judgment (and perhaps the best proof of such), the return of service is not the only means to do so.[1]
The record here contained a certified printout of the clerk’s progress docket which included an entry dated June 15, 1992 stating, “Summons Returned Served; Sums Retd Srvd 4/21/92 On Rip Tosun (Spb).” The record also contained a certified copy of the 1992 “Final Judgment on Default.” Together these documents constitute evidence which affords a reasonable basis for the conclusion that it is more likely than not that service of process on Tosun was properly perfected in 1992 before the final default judgment was en *874 tered. Because the Trustees met their initial burden of proof, the trial court erred in setting aside the final judgment without first conducting an evidentiary hearing.[2]
The Trustees also contend that for the default final judgment to be set aside, Tosun’s mere denial of service should be insufficient as a matter of law. They argue that Tosun must also present evidence to corroborate his denial of service and that such evidence must be clear and convincing. That would have been Tosun’s burden if the Trustees had proffered a return of service that appeared valid on its face. See Se. Termite & Pest v. Ones, 792 So.2d 1266, 1268 (Fla. 4th DCA 2001); Slomowitz v. Walker, 429 So.2d 797, 799 (Fla. 4th DCA 1983). The clerk’s progress docket, while constituting evidence of service of process, does not warrant the same weight as a facially valid return of service.
Instead, on remand, the trial court should treat the Trustees’ documentary evidence of service of process here as creating a rebuttable presumption affecting the burden of producing evidence only. See § 90.302(1), Fla. Stat. (2011). Thus, Tosun will have the burden of introducing credible and admissible evidence showing he was not properly served with process prior to the entry of the 1992 default judgment. If he does so, then the trial court, as the trier of fact, will weigh the evidence and resolve the question of fact at issue here. Cf. Depelisi v. Wishner, 15 So.3d 808, 811 (Fla. 4th DCA 2009) (explaining how a trial court is to deal with the rebuttable presumption of notice which arises when the party seeking to uphold a default judgment proffers a certificate of service indi-eating that pleadings and order were mailed to opposing counsel).
Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing in accordance with this opinion.

Reversed and remanded with instructions.

MAY, C.J., and STEVENSON, J., concur.

. We note that a trial court is originally without authority to enter a default without a facially valid return of service. See Re-Emp’t Servs., Ltd. v. Nat’l Loan Acquisitions Co., 969 So.2d 467, 471 (Fla. 5th DCA 2007) ("When there is an error or omission in the return of service, personal jurisdiction is suspended and it 'lies dormant’ until proper proof of valid service is submitted.” (quoting Klosenski v. Flaherty, 116 So.2d 767, 769 (Fla.1959))); Tetley v. Lett, 462 So.2d 1126, 1127 (Fla. 4th DCA 1984) ("[T]he failure [of the return of service] to comply with the remaining statutory requirements placed the jurisdiction, like Rip Van Winkle, into a state of dormancy during which period the trial court was without authority to enter a default.”). After a default is entered, however, the destruction of the return of service by the clerk of the court does not make a previous valid judgment void.

. While the trial court did hold a hearing on Tosun's motion, that hearing consisted entirely of argument from both parties’ counsel and the submission of affidavits. But, ”[t]his court has previously expressed its view that neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing.” Fern, Ltd. v. Road Legends, Inc., 698 So.2d 364, 365 (Fla. 4th DCA 1997).