PER CURIAM.
Marla D. Hooie appeals from the Limestone Circuit Court’s denial of her motion seeking relief from a default judgment entered against her. We affirm the judgment.
In February 1997, Jerry R. Barksdale filed a complaint in the Limestone Circuit Court (“the trial court”) against Hooie, alleging that Hooie owed him $20,548.70 for legal services that Barksdale had performed. After Hooie failed to answer or otherwise respond to the complaint, Barks-dale obtained a default judgment against her in April 1997. The default judgment was not executed within 10 years of its entry. In November 2010, Barksdale filed a motion to revive the default judgment, pursuant to § 6-9-192, Ala.Code 1975, which provides, in pertinent part, that “[n]o execution shall issue on a judgment ... on which an execution has not been sued out within 10 years of its entry until the [judgment] has been revived.” In December 2010, the trial court granted the motion to revive the default judgment. In January 2011, Hooie was served with a writ of execution on the default judgment.
In April 2011, Hooie filed a Rule 60(b), Ala. R. Civ. P., motion seeking relief from the default judgment. In that motion, Hooie asserted that she had never been served with the complaint and, thus, that the trial court had never obtained personal jurisdiction over her and that the default judgment based on the complaint was therefore void. See Wright v. Rogers, 435 So.2d 90 (Ala.Civ.App.1983) (holding that failure of proper service results in a lack of personal jurisdiction and renders any subsequent default judgment void). Hooie labeled her motion as a Rule 60(b)(6) motion. However, because Hooie’s motion asserted that the default judgment is void, her motion was actually made pursuant to Rule 60(b)(4). See Ex parte R.S.C., 853 So.2d 228, 233 (Ala.Civ.App.2002). In support of her Rule 60(b)(4) motion, Hooie submitted, among other things, her affidavit in which she testified that she had not been served with process. At the hearing on Hooie’s motion, Hooie testified that she did not remember being served with process by the sheriff in March 1997, as Barksdale asserted. The trial court subsequently denied Hooie’s Rule 60(b)(4) motion, and Hooie appealed.
*944 “The standard of review on appeal from an order granting [or denying] relief under Rule 60(b)(4), Ala. R. Civ. P. (‘the judgment is void’), is not whether the trial court has exceeded its discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation. Cassioppi v. Damico, 536 So.2d 938, 940 (Ala.1988). ‘If the judgment is void, it is to be set aside; if it is valid, it must stand.... A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process.’ Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala.1978) (emphasis added).”
Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 641 (Ala.2003). A motion brought under Rule 60(b)(4) is not subject to the reasonable-time requirement of Rule 60(b) and may be brought at any time. 883 So.2d at 643 (“As a nullity, a void judgment has no effect and is subject to attack at any time.”).
On appeal, as she did below, Hooie contests whether she was served with process. In circuit-court cases in which service is contested, the burden of proof falls on the party asserting proper service to prove that service was performed in accordance with the Alabama Rules of Civil Procedure. Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala.1993). The version of the rules applicable in 1997, when the complaint was allegedly served on Hooie, provided that an individual defendant could be served
“by serving the individual or by leaving a copy of the summons and the complaint at the individual’s dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.”
Former Rule 4(c)(1), Ala. R. Civ. P. Barksdale maintained that he obtained personal service on Hooie through the Limestone County Sheriffs office on March 3, 1997. At that time, as they do today, the rules authorized sheriffs to personally serve process on individuals residing within the state. Former Rule 4.1 and current Rule 4(i)(1)(A), Ala. R. Civ. P. Personal service would have been perfected by locating the individual and delivering a copy of the process and accompanying documents to that person. Former Rule 4.1(b)(3), Ala. R. Civ. P. “Strict compliance with the Rules of Civil Procedure regarding service of process is required.” Wright, 435 So.2d at 91. Thus, the burden rested on Barksdale to show that Hooie was personally served as provided by the operative rules.
The record reflects that, on February 26, 1997, the clerk of the trial court instructed the sheriff to serve process on Hooie at her home address in Athens. The case-action-summary sheet contains a handwritten entry indicating that Hooie was served on March 3, 1997. The record also contains an exhibit, which was part of the clerk’s record, dated March 5, 1997, in which the clerk of the court signed a statement asserting that service had been made on Hooie on March 3, 1997. However, the record does not contain a completed return of service signed by a process server showing a date of service on Hooie. The version of Rule 4.1(b)(3) in effect at the pertinent time provided that a duly executed return of service constituted prima facie evidence of service of process. In her brief to this court, Hooie argues that, “[w]ith no signed [s]heriffs return, there is no [p]rima facie evidence of perfected service and the [a]ppellant does not have the *945 burden to show by clear and convincing evidence that she was not served.” Hooie’s reasoning suggests that strict adherence to the rules regarding service of process required a completed return of service and that, without one, a party could not present a prima facie case of service. We disagree.
As stated above, pursuant to former Rule 4.1(b)(3), service would have been perfected once an authorized process server located the person to be served and personally delivered process to that person. The completion and filing of a return of service merely provided prima facie evidence of that service. “Prima facie evidence” is “evidence which suffices for proof of a particular fact until the fact is contradicted by other evidence.” Lavett v. Lavett, 414 So.2d 907, 911-12 (Ala.1982), overruled on other grounds by McBride v. McBride, 548 So.2d 155, 157 (Ala.1989). The presence of a signed return of service is “prima facie evidence” of the fact of service, but the converse is not also true. That is, the lack of a signed return of service does not compel the conclusion that service was not properly effected and does not require a trial court to ignore other evidence tending to prove the fact of service.
In Welch v. Walker, 4 Port. 120 (Ala.1836), the supreme court held that, in the absence of a sheriffs return of service, sufficient other proof must be obtained to show actual service on the defendant in order to sustain a default judgment. Likewise, in Norwood v. Riddle, 9 Port. 425 (Ala.1839), the supreme court held that a defective return of service did not provide satisfactory evidence of service so that, “[i]n the absence of proof, the [default] judgment was unauthorised.” 9 Port, at 427. In both cases, the supreme court did not hold that a lack of a proper return of service automatically deprived the trial court of jurisdiction; rather, it merely held that jurisdiction was lacking in the absence of other satisfactory proof of service. Nothing suggests that Alabama departed from that reasoning when it adopted court-made rules of civil procedure. By declaring that a valid return constitutes prima facie evidence of service, the rules did not intend, and did not provide, that no other proof of service would suffice.
That said, the burden still remained on Barksdale to present sufficient evidence indicating that Hooie had been personally served, which Hooie argues he did not accomplish. At the hearing on the motion to set aside the default judgment, Barksdale did not offer any positive evidence indicating that Hooie had been personally served. However, at the outset of the hearing, the trial court indicated that it would take judicial notice of several documents in the clerk’s record indicating that Hooie had been served on March 3, 1997, including the documents mentioned above, as well as an entry of the default judgment signed by the clerk.[1] The trial court stat *946 ed that those documents indicated that the clerk must have received sufficient information that Hooie had been properly served because the clerk would not have otherwise entered the default judgment against • Hooie. In other words, the trial court accepted as prima facie evidence of service the records of the clerk. See Block v. Tosun, 77 So.3d 871 (Fla.Dist.Ct.App.2012) (holding that a prima facie case of proper service had been established in similar circumstances).
The trial court found that Hooie had not presented any credible evidence indicating that she had not been served. Hooie denied that she had been served and additionally presented excerpts from her personal diary that did not reflect any mention of service on March 3, 1997. The trial court specifically stated in open court that it found those excerpts to be self-serving and to lack credibility. See Flint Constr. Co. v. Hall, 904 So.2d 236, 250 (Ala.2004) (“It is axiomatic that it is the [fact-finder’s] province to resolve conflicts in testimony ... and to judge the credibility of witnesses.”). Hooie also presented the testimony of her present husband; however, he testified that his recollection of the events of March 3, 1997, came entirely from Hooie’s diary excerpts. Thus, Hooie did not satisfy the trial court that she had not been properly served. Based on our standard of review, see Allsopp v. Bolding, 86 So.3d 952, 958-59 (Ala.2011) (applying ore tenus standard of review to factual findings made in ruling on Rule 60(b)(4) motion), we find no basis for overturning that factual determination. See Dale Cnty. Dep’t of Pensions & Sec. v. Robles, 368 So.2d 39, 42 (Ala.Civ.App.1979) (“Where, as here, the case is heard ore tenus and there is legal evidence to support the decree, this court will not substitute its judgment for that of the trial court.”).
The trial court did not err in finding that Hooie had been properly served, despite the lack of an executed return of service. The evidence from the clerk’s record was sufficient to present a prima facie case of service, and Hooie did not rebut that evidence. The trial court properly denied the motion to set aside the default judgment, and its judgment is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. In her brief to this court, Hooie takes issue with the trial court’s having taken judicial notice of those documents, but she did not make that objection to the trial court, having made, at best, a hearsay objection and arguing to the trial court only that the documents did not effectively prove service. " 'When the grounds for an objection are stated, this impliedly waives all other grounds for the objection to the evidence, and the objecting party cannot predicate error upon a ground not stated in the trial court but raised for the first time on appeal.' ” Hall v. Duster, 727 So.2d 834, 837 (Ala.Civ.App.1999) (quoting Nichols v. Southeast Prop. Mgmt., Inc., 576 So.2d 660, 662 (Ala.1991)); see also Dougherty v. City of Moundville, 949 So.2d 188 (Ala.Crim.App.2006) (where party failed to object when informed that trial court would take judicial notice of certain operative facts, party could not raise issue for first time on appeal). Hence, in reviewing the sufficiency of the *946 evidence, we likewise consider the contents of the clerk’s record and the case-action-summary sheet.