STEVENSON, J.
This is an appeal from an order granting the dismissal of a civil complaint for lack of personal jurisdiction over appellee, Sun-seeker International Limited (“Sunseeker Ltd.”), a foreign corporation. The trial court determined that the jurisdictional affidavits could be “harmonized” and granted the motion without conducting an evi-dentiary hearing. Because we find that the affidavits were inconsistent on some potentially determinative jurisdictional issues concerning the extent of the foreign corporation’s activities in Florida and its involvement in the transaction which formed the basis of the complaint, we reverse and remand for an evidentiary hearing.
The facts of this case were succinctly outlined in our prior case where a panel of this court reversed the trial court’s denial of the foreign corporation’s motion to quash service of process.[1] See Sunseeker Int’l Ltd. v. Devers, 50 So.3d 715 (Fla. 4th DCA 2010).
The underlying dispute arose over a buyer’s dissatisfaction with a boat purchased from the manufacturer. The plaintiff filed a complaint against the manufacturer, Sunseeker International Limited, the authorized distributor, Sun-seeker USA, Inc., and Jefferson Beach Yacht Sales, Inc., a Michigan broker/dealer. The manufacturer is a corporation organized under the laws of the United Kingdom with its principal office and factory in Poole, Dorest, England. All yachts are manufactured in the United Kingdom.
The complaint alleged:
3. Defendant Sunseeker USA, Inc. (“Sunseeker USA”) is a Florida corporation with its principal address located in Ft. Lauderdale, Broward County, Florida. Sunseeker is the U.S. distributor for Sunseeker Yachts, which are manufactured in Poole, England, by Sunseeker International Limited. Upon information and belief Sunseeker USA is either a subsidiary or otherwise under the effective control of Sunseeker International Limited.
4. Sunseeker International Limited (“Sunseeker Ltd.”) manufactures pleasure yachts in the United Kingdom and sells them through distributors, dealers, brokers, and agents in the state of Florida, including Defendant Sunseeker USA, Inc., and is therefore subject to longarm jurisdiction pursuant to Florida law.
The complaint further alleged the buyer [Paul Devers] purchased a defective luxury yacht through the authorized distributor. The defective yacht led to an agreement for the buyer to purchase another yacht, which was negotiated by a representative of both the distributor and the manufacturer. This led to a second agreement between only the authorized distributor and its dealer, which included replacing the yacht with another larger, newly-constructed yacht.
*1263 When the manufacturer subsequently requested the buyer to release his rights in the new yacht for a commission, the buyer refused. The manufacturer then delivered the yacht to a dealer in France. These facts led to the buyer’s complaint against the manufacturer for conversion of the new yacht and civil theft of a deposit.
Id. at 716.
We agree with appellant’s argument that the trial court erred in ruling that an evidentiary hearing was not required to resolve Sunseeker Ltd.’s motion to dismiss for lack of personal jurisdiction.
A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. Elmex Carp. [v. Atl. Fed. Sav. & Loan Ass’n of Ft. Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976).] In most cases, the affidavits can be harmonized, and the court will be in a position to make a decision based upon facts which are essentially undisputed.
Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502-03 (Fla.1989). Where the affidavits cannot be reconciled, “the trial court will have to hold a limited evidentia-ry hearing in order to determine the jurisdiction issue.”' Id. at 503. Whether an evidentiary hearing was required by Venetian Salami is a question of law that is reviewed de novo. See Robin Roshkind, P.A. v. Machiela, 45 So.3d 480, 481 (Fla. 4th DCA 2010), review denied, 64 So.3d 1245 (Fla.2011).
In the instant case, the affidavits were in conflict. The buyer, Paul Devers, averred that representatives of Sunseeker Ltd. participated in the negotiations for the purchase of the original 82-foot yacht and that Sunseeker Ltd., through its Chairman, Robert Braithwaite, and its sales representative, Sean Robertson, specifically approved certain agreements concerning the 90-foot replacement yacht. Devers characterizes Robertson as acting on behalf of both Sunseeker USA and Sun-seeker Ltd. during negotiations in Fort Lauderdale and Miami, while Robertson’s affidavit acknowledges his role as only director of sales for Sunseeker Ltd. Robertson signed the subsequent Letter of Understanding concerning the replacement yacht as a representative of “manufacturer/SUSA [Sunseeker USA],” but denies any involvement by Sunseeker Ltd. Dev-ers and Sunseeker Ltd. characterize their communications very differently. Compare Canale v. Rubin, 20 So.3d 463 (Fla. 2d DCA 2009) (reversing for evidentiary hearing where complaint alleged facts that might support jurisdiction over non-resident defendant, based on numerous business-related communications with Florida resident, where details of communications were disputed by defendant’s affidavit). Here, the affidavits present a factual question as to whether Sunseeker Ltd. was conducting business activities in Florida and improperly retained, or failed to deliver, money or personal property due to the buyer in Florida as allegedly required.
Accordingly, we reverse and remand for an evidentiary hearing. Our decision should not, and does not, reflect this court’s view of the prospective resolution of the jurisdictional issue on its merits— we conclude only that an evidentiary hearing was required. We have considered the other issues presented on appeal and find no error.

Reversed and Remanded.

MAY, C.J., and LEVINE, J., concur.

. Service of process on Sunseeker Ltd. was subsequently perfected.