DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**INTERNATIONAL UNIVERSITY OF THE HEALTH SCIENCES LTD.,
INC.,**
Appellant,

v.

**JOHN ABELES** and **PETER GLEESON,**
Appellees.

No. 4D19-3508

[July 8, 2020]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502016CA005925XXXXMBAO.

Daniel J. Santaniello, Daniel S. Weinger and Stuart L. Cohen of Luks, Santaniello, Petrillo & Cohen, Fort Lauderdale, for appellant.

Jay Kim and Anisha C. Atchanah of Kim Vaughan Lerner LLP, Fort Lauderdale, for appellee John Abeles.

WARNER, J.

Appellant, International University of the Health Sciences Ltd., Inc. (IUHS), a foreign corporation, appeals the denial of its motion to dismiss the complaint of appellee Dr. John Abeles for lack of personal jurisdiction and insufficient service of process. Because competent substantial evidence supports personal jurisdiction, as well as adequate service of process, we affirm.

Florida courts engage in a two-part analysis in challenges to personal jurisdiction. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). First, the court determines whether the facts alleged are sufficient to satisfy the scope of Florida's long-arm statute, section 48.193, Florida Statutes (2017). *Id.* Second, if those requirements are met, the court must then inquire as to: (1) whether the defendant satisfied the "minimum contacts" within the State of Florida, and (2) whether the exercise of jurisdiction over the defendant would offend "traditional

notions of fair play and substantial justice." *Id.* at 500 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

Jurisdiction can be specific or general. A defendant is subject to specific jurisdiction if the defendant engages in any of the acts set forth in section 48.193(1)(a), Florida Statutes. Appellee alleged that IUHS engaged in acts described in 48.193(1)(a), subsections 1. and 7. Those are:

> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state. . . .

> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

Appellee also alleged general jurisdiction pursuant to section 48.193(2), Florida Statutes, which provides:

> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

According to the allegations of the second amended complaint, IUHS is an offshore, for-profit private medical school located in St. Kitts and Nevis, involved primarily in higher education. It operates a medical school where students take some classes in St. Kitts, but also attend classes via video conference in other locations. Its business administration was conducted in Florida. To assist in the development and management of operations, IUHS hired appellee. Appellee is a resident of Palm Beach County. IUHS entered into an employment agreement with him in June 2009, appointing him as medical education consultant in exchange for monthly compensation. The underlying lawsuit involves a claim for damages for breach of contract and failure to pay appellee per the contract terms.

IUHS filed a motion to dismiss, challenging jurisdiction over it, as well as the sufficiency of service of process. IUHS claimed that it did not conduct business activities in Florida sufficient to assert personal jurisdiction over it and provided affidavits from its officials contesting the jurisdictional facts. The trial court held an extensive hearing at which both live testimony and depositions were offered regarding the contacts IUHS had with Florida.

2

Although contested, competent substantial evidence was produced showing the following facts. IUHS's chief financial officer Randall Simms, who was also at one time its president and member of the board for many years, testified at a deposition that he ran the company from his Florida residence for eighteen years. He testified that "[m]ind and management for IUHS was in the U.S."

The corporation held a business bank account in Florida and conducted board of directors meetings in Simms's Florida residence. Tuition payments were deposited into a Florida bank account, which was used to pay professors' salaries, to purchase software, and to fund IUHS accounts in Canada and St. Kitts. In Simms's Florida residence, IUHS had a dedicated Florida telephone line to conduct business-related calls with students, staff, and others. It hosted student conferences and ceremonies in Florida, which were organized and attended by IUHS officers, faculty, students, and administrators, and kept various documents and papers for the corporation at Simms's residence. Simms registered IUHS to do business in Florida and listed himself as the registered agent.[1] The corporation frequently used the address of his Florida residence as an address for the corporation.

Appellee testified to the formation of a contract for which he was to be paid a monthly sum for his management oversight. There was significant dispute at the hearing as to whether the contract was the obligation of IUHS, as the resolution supporting it was from its parent company. There was further disagreement as to what appellee did in performance of the contract. However, both Simms, as well as appellee, testified that IUHS was obligated to pay the amount in the contract.

The trial court denied both motions based upon the evidence presented, prompting this appeal.

### Analysis

The standard of review of a nonfinal order on a motion to dismiss for lack of personal jurisdiction or improper service is de novo as to the court's legal rulings. *Wendt v. Horowitz*, 822 So. 2d 1252, 1256 (Fla. 2000); *Bank*

---

[1] Much is made by IUHS of the fact that when Simms registered IUHS to do business in Florida, the Division of Corporations made him add "Inc." to the name and register it as International University of the Health Sciences, Ltd., Inc. IUHS contends that Simms consequently created a new corporation, but clearly he did not create a new corporation by simply registering to do business in Florida pursuant to section 607.1503, Florida Statutes (2017).

*of Am., N.A. v. Bornstein*, 39 So. 3d 500, 502 (Fla. 4th DCA 2010). As for factual findings, the reviewing court defers to the trial court when supported by competent substantial evidence. *See Corporacion Aero Angeles, S.A. v. Fernandez*, 69 So. 3d 295, 298 (Fla. 4th DCA 2011).

### *Personal Jurisdiction*

As to personal jurisdiction, there was sufficient, albeit contested, evidence to support a finding that IUHS's Florida contacts were "so continuous and systematic" that they established both specific and general jurisdiction in this state. *See* § 48.193(1)(a)1. and 2., Fla. Stat. An assertion of general jurisdiction requires a showing of "continuous and systematic general business contacts" with the forum state. *Carib-USA Ship Lines Bahamas Ltd. v. Dorsett*, 935 So. 2d 1272, 1275 (Fla. 4th DCA 2006) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). These contacts are assessed over a period of years prior to the filing of the complaint. *Id.* at 1276. Because of the substantial business operations conducted within the state as noted above, we conclude that Florida has personal jurisdiction over appellant IUHS under both sections 48.193(1)(a)1. and 2.

Appellant cites to *Daimler AG v. Bauman*, 571 U.S. 117 (2014), and claims that Florida was not the "home" state of IUHS under its holding. There, the Supreme Court recognized that a corporation could be subject to the jurisdiction of a forum state, other than the state of its incorporation or principal place of business, where the corporation's activities were "so substantial and of such nature as to render the corporation at home in that State." *Id.* at 139, n.19 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Based upon the foregoing contacts, particularly CFO Simms's testimony that he ran the corporation from Florida for eighteen years, IUHS can be said to be "at home" in Florida.

To the extent that specific jurisdiction is asserted pursuant to section 48.193(1)(a)1., Florida Statutes, *Daimler* is not applicable to this case. In *Daimler*, the plaintiff was seeking to assert jurisdiction in California for a cause of action which arose from conduct occurring in Argentina. The Court was addressing the question of whether the Due Process Clause of the Fourteenth Amendment precludes the exercise of jurisdiction over the foreign defendant, "given the absence of any California connection" to the events upon which the complaint was based. *Id.* at 121. In contrast, this case involves the breach of a contract which was allegedly made in Florida, and Florida is the place of payment. We therefore conclude that *Daimler* does not address the jurisdictional issue in this case.

Moreover, competent substantial evidence supports jurisdiction pursuant to section 48.193(1)(a)7., Florida Statutes, for breaching a contract to be performed in this state. Appellee, a Florida resident, claimed that he had a contract to perform services for IUHS. The parties negotiated the consulting contract at issue in this case by conversations and communications between the parties in Florida. Appellee argues that his wage compensation claim which is at issue in this case is tied directly to IUHS's operational activity in Florida, as he acted as a consultant, created policy, performed administrative duties, fundraised, marketed, and conducted financial accounting services in Florida for IUHS. He testified that his consulting activities included board meetings, interviews, and fundraising, occurring primarily in Florida. Because his residence is in Palm Beach County, that is where payment for his services was due. *See Glob. Satellite Commc'n Co. v. Sudline*, 849 So. 2d 466, 468 (Fla. 4th DCA 2003).[2] We conclude that competent substantial evidence supports a finding of personal jurisdiction based upon the contractual issue involved in this case.

### *Service of Process*

Appellant IUHS also claims that the court erred in denying its motion to dismiss for insufficient service of process.

In this case, the process server served the civil action summons, which was directed to be served on IUHS by serving Simms at the residence address of Simms in Palm Beach County. This address was also the address where Simms conducted all the business activities of IUHS. Service, however, was not made on Simms but on another individual, John Walton, who accepted the papers at Simms's residence. The return of service indicates that Walton identified himself as IUHS's Director of Finance. Simms had telephoned Walton and asked him to accept the papers at the residence. After being served, Walton forwarded all of the papers to the dean and other officers and members of the board of directors of IUHS. The dean admits they were received.

Although Walton testified that he was not an employee of IUHS, nor was he a director or officer, the dean of the school and member of the board testified at the hearing that Walton had been given the title of

---

[2] Appellant argues that the contract was not with IUHS, nor did appellee perform any services under the contract. These are issues more properly addressed on the merits. Furthermore, appellee included claims of unjust enrichment and estoppel against IUHS with respect to the asserted contractual obligation.

Director of Finance. The dean admitted that he communicated with Walton "all the time." Walton testified that he was performing various accounting services for the corporation, including invoicing and working with students on their finance plans. While Walton said he worked for another affiliated company located in Canada, whose name was IUHS Administration, the dean, who testified on behalf of IUHS, stated that Walton was performing work for IUHS. Thus, there was a conflict in the evidence as to whether Walton was acting for IUHS or an affiliated Canadian company which executed many administrative tasks for IUHS. Taking the evidence in favor of the trial court's ruling, we conclude that Walton was acting as Director of Finance for appellant IUHS.

Section 48.081, Florida Statutes (2017), provides in part:

(1) Process against any private corporation, domestic or foreign, may be served:

(a) On the president or vice president, or other head of the corporation;

(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;

(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

Without a definition of the term "director" in section 48.081(1)(c), we are unsure whether a "director of finance" is included in this service hierarchy under that section, or whether "director" means a director on the board of directors of a corporation. More likely, a director of finance would be considered a "business agent" pursuant to section 48.081(1)(d). As noted in the memorandum filed by appellee and relied on by the trial court in its ruling, Walton held himself out to the public as a Director of Finance, managed its finances, and spoke for the corporation in his communications with students and vendors. Most importantly, the dean and the directors viewed him as a director of finance for the corporation.

6

The corporation had made him "more than one appointed for a limited or particular purpose." *See Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 504 (Fla. 4th DCA 2010) (quoting *Valdosta Milling Co. v. Garretson*, 54 So. 2d 196, 197 (Fla. 1951)). Walton had the authority to act for the corporation, and his duties closely resembled those of an officer. *Bornstein*, 39 So. 3d at 504.

Moreover, we also note that, for a foreign corporation, subsection (2) allows service "on any agent transacting business for it in this state" where none of the individuals in section (1) are present. Walton, at the very least, was transacting business for IUHS in the state by working with IUHS students and collecting tuition. Thus, he was an agent for the corporation and available to accept service of process.

"[T]he fundamental purpose of service is 'to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff and, therefore, to vest jurisdiction in the court entertaining the controversy.'" *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 953 (Fla. 2001) (quoting *State ex rel. Merritt v. Heffernan*, 195 So. 145, 147 (1940)). While "[s]tatutes governing service of process should be strictly construed, and valid service on a corporation may be effected only by complying with such statutes," *Bornstein*, 39 So. 3d at 502, "[t]he object of section 48.081 is to have service made upon someone who is held responsible by the corporation . . . ." 39 So. 3d. at 503 (citations omitted). Here, that person was Walton, who was served and delivered the process to the directors and officers of the corporation. The trial court did not err.

### Conclusion

The trial court denied the motion to dismiss for lack of personal jurisdiction and quash service of process, concluding that "[t]he legislative and Constitutional goal of due process and proper notice were met." We agree with the trial court. Florida can assert personal jurisdiction over IUHS, because it conducts substantial and ongoing business activity in this state. Service of process was sufficient on its Director of Finance, as a business agent in this state. We thus affirm the trial court's order.

CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

7